486 So.2d 1117 (1986)
Walter Lewis GOVER, et al., Plaintiffs-Appellants,
v.
Dr. Ronze McIntrye BRIDGES, et al., Defendants-Appellees.
No. 17687-CA.
Court of Appeal of Louisiana, Second Circuit.
April 2, 1986.
Rehearing Denied April 30, 1986.
Writ Granted July 1, 1986.
Bowers & Bowers by Gary A. Bowers, Shreveport, for plaintiff-appellant Walter Lewis Gover.
Francis M. Gowen, Jr., Shreveport, for plaintiff-appellant Evelyn Gover Smith.
Lunn, Irion, Johnson, Salley & Carlisle by Brian D. Smith, Shreveport, for defendants-appellees.
Before FRED W. JONES, Jr., SEXTON and LINDSAY, JJ.
*1118 LINDSAY, Judge.
The plaintiffs, Walter Gover and his sister Evelyn Gover Smith, filed a claim for the wrongful death of their mother based on medical malpractice. Defendant filed an exception of prescription which was sustained by the trial court. Plaintiffs appealed the trial court ruling. We affirm.

FACTS
On January 9, 1976 the decedent, Velma E. Gover, mother of the plaintiffs, was examined by the defendant, Dr. Ronze McIntyre Bridges, and was found to have a lump in the left breast. Decedent was 75 years old, had a history of heart trouble, and weighed more than 300 pounds. Decedent entered the Minden Medical Center on January 23, 1976 in order to stabilize her heart condition prior to surgery. It appears that the original plan was to perform a biopsy under local anesthetic and then make a determination regarding the proper medical treatment. The decedent signed a consent form authorizing the biopsy by the defendant and "such additional operations or procedures as are considered theraputically necessary on the basis of findings during the course of the operation."
No biopsy was performed under local anesthetic. On the contrary, on January 26, 1976 the decedent underwent a radical mastectomy under general anesthetic. Although she developed heart problems during the operation, her condition was stabilized. Following the operation she was transferred to a semi-private room. Evelyn Gover Smith stayed at the hospital with the decedent following surgery. Late that night the decedent again developed heart problems. Mrs. Smith summoned help, but efforts to revive decedent were unsuccessful and she passed away on the night of January 26, 1976.
On March 15, 1976 decedent's daughter, Evelyn Gover Smith, wrote the Minden hospital indicating she thought the decedent was in the hospital only for a biopsy, and she requested information as to the cause of death. Defendant responded with a letter indicating decedent was told a two step process would be followed in which decedent would first have a biopsy and then a radical mastectomy if the mass was determined to be cancerous. Defendant expressed his regrets, stating that "everything was done possible to prevent what happened."
On March 30, 1985 Evelyn Gover Smith read an article in The Times regarding a malpractice judgment rendered against the defendant in the district court in Webster Parish in the case of Cooper v. Bridges. After reading the article Evelyn Gover Smith contacted the attorneys who represented Mrs. Cooper and her family. It was determined that the attorneys had received a copy of decedent's hospital chart in response to a subpoena duces tecum in the Cooper case requesting charts on all of defendant's patients who died in January, 1976. On May 30, 1985 plaintiffs filed suit against defendant and his insurer, St. Paul Fire and Marine Insurance Company.
Defendant filed an exception of prescription based on LSA-R.S. 9:5628 which provides claims arising from medical malpractice must be brought within one year from the date of the alleged act, omission or neglect or within one year from discovery of the alleged act, omission or neglect, and in all events within three years from the date of the act, omission or neglect.
A hearing was held on the exception of prescription. Plaintiffs argued that defendant misrepresented the facts to them in his letter and as a result they were unable to bring their claim at an earlier date. They also argued that due to this misrepresentation, the doctrine of contra non valentem agere nulla currit praescriptio suspended the running of prescription. At the hearing, Dr. Bridges admitted his letter was in error in stating that a biopsy was to be performed first.
Dr. George McCormick, the coroner for Caddo Parish and a forensic pathologist, testified for plaintiff that the phrase in the defendant's letter indicating that everything possible was done to prevent the death was inaccurate. He testified that *1119 additional blood gas tests should have been performed prior to surgery, as well as a stress test. He also testified the two step process of performing the biopsy under local anesthetic first would have prevented the heart problems experienced by the decedent.
The trial court sustained the exception of prescription. In oral reasons the court found that LSA-R.S. 9:5628 legislatively overruled the doctrine of contra non valentem and therefore the claim had prescribed. The court also found the plaintiffs knew of the decedent's size and her heart condition, and they were aware that following the surgery decedent had undergone a mastectomy under general anesthestic and not a biopsy under local anesthetic. The court reasoned that those factors were sufficient to put plaintiffs on notice and to prompt further inquiry. The court also found LSA-R.S. 9:5628 was constitutional, finding a legitimate state interest in lowering health care costs by limiting the time during which malpractice claims could be brought.
Plaintiffs appealed, claiming that the trial court erred in sustaining the exception of prescription. They argue that LSA-R.S. 9:5628 does not apply to wrongful death claims, that contra non valentem has not been completely legislatively overruled and should apply in this case because defendant's misrepresentation prevented them from bringing their claim. They also argue that LSA-R.S. 9:5628 is unconstitutional because it violates equal protection and due process by discriminating against tort victims without a rational basis, citing U.S. Const.Amend. XIV § 1; La.Const. Art. 1 Sections 2 and 22 (1974).

APPLICABILITY OF LSA-R.S. 9:5628
Plaintiffs argue that LSA-R.S. 9:5628 dealing with the time period in which to bring a medical malpractice claim does not apply to this action for wrongful death of the decedent. They argue that LSA-C.C. Art. 2315 is the applicable law, as this article establishes the right to bring claims for wrongful death, enumerates those persons entitled to bring the action and establishes a one-year limit from the time of death to bring suit. They also argue that the one-year time limit fixed under LSA-C.C. Art. 2315 is suspended by the doctrine of contra non valentem agere nulla currit praescriptio.
The argument that LSA-C.C. Art. 2315 applies rather than LSA-R.S. 9:5628 is based on two cases dealing with this issue. In Lambert v. Michel, 364 So.2d 248 (La. App.3d Cir.1978) writ denied 366 So.2d 917 (La.1978), the appellate court dealt with the applicability of LSA-R.S. 9:5628 to a wrongful death claim allegedly caused by medical malpractice. The court reasoned that LSA-R.S. 9:5628 did not specifically provide for wrongful death claims and therefore is a general statute. Since wrongful death claims are specifically dealt with in LSA-C.C. Art. 2315, this article was found to be more specific. The court then applied the rule that in cases of conflict between general laws and special laws on the same topic, the special law prevails. This reasoning was followed in Giroir v. South Louisiana Medical Center, 453 So.2d 949 (La.App. 1st Cir.1984), writ granted on other grounds 458 So.2d 108 and 109, in which plaintiffs filed a survival action and a claim for wrongful death. Numerous procedural issues were dealt with in the case, including an exception of prescription. The court followed Lambert in finding that LSA-R.S. 9:5628 makes no specific provisions for wrongful death or survival actions and therefore is a general statute in conflict with the more specific provisions of LSA-C.C. Art. 2315 and therefore the more specific provision prevails.
We disagree with the reasoning in Lambert and Giroir. LSA-R.S. 9:5628 is the specific statute setting forth the time limits for filing claims based on medical malpractice. The language of the statute is broad enough to include not only actions for personal injury due to malpractice, but also survival and wrongful death claims:
No action for damages for injury or death against any physician, chiropractor, *1120 dentist, or hospital duly licensed under the laws of this state whether based in tort, breach of contract or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year of date of discovery of alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect....
This language includes wrongful death claims as these are actions for damages based in tort arising out of patient care. Therefore, such actions must be brought within one year from the date of the alleged act, omission or neglect, or within one year of discovery of the alleged act, omission or neglect, but in all events within three years of the date of the alleged act, omission or neglect. Therefore, we find that LSA-R.S. 9:5628 establishes the time limit within which plaintiffs were required to file their claim for wrongful death based upon medical malpractice.

CONTRA NON VALENTEM AGERE NULLA CURRIT PRAESCRIPTIO
We next turn to a consideration of whether the doctrine of contra non valentem agere nulla currit praescriptio applies to this statute to suspend the running of prescription.
Under this doctrine, prescription does not run against a person unable to bring an action. The doctrine was recognized in Corsey v. State Department of Corrections, 375 So.2d 1319 (La.1979) where it was held that prescription would not run where (1) some legal cause prevents the courts or their officers from taking cognizance of or acting on the plaintiff's actions, (2) a condition is coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting, (3) the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action, (4) the cause of action is not known or reasonably known by the plaintiff even though his ignorance is not induced by the defendant. The court made a distinction between personal disabilities of the plaintiff which do not prevent prescription from running and an inability to bring suit because of some cause foreign to the person of the plaintiff which does suspend its running.
In Chaney v. State through Department of Health, 432 So.2d 256 (La.1983) the doctrine of contra non valentem as applied to LSA-R.S. 9:5628 was examined. Plaintiff claimed the doctrine applied because plaintiff's problem was not discovered until two and one-half years after surgery. In Chaney, plaintiffs claim fell under category four of contra non valentem. Plaintiff claimed to be ignorant of the existence of the claim through no fault of his own. This is distinguishable from the present case where plaintiffs argue they were prevented from bringing a claim due to fraud or misrepresentations made by the defendant. In Chaney, suit was filed three years and ten months after surgery. The court found that the doctrine of contra non valentem did not apply and found plaintiff's claim was barred by the time limits of LSA-R.S. 9:5628. The court reasoned that LSA-R.S. 9:5628 specifically overruled the fourth category of contra non valentem on medical malpractice claims which were more than three years old. However, the court specifically noted that the holding was limited to the particular facts of that case, and no decision was made as to whether LSA-R.S. 9:5628 overruled the other categories of contra non valentem.
The application of contra non valentem to LSA-R.S. 9:5628, when plaintiff is prevented from bringing a claim by fraud or misrepresentation by the defendant, was addressed in Harvey v. Davis, 432 So.2d 1203 (La.App. 4th Cir.1983). Plaintiffs alleged defendants engaged in a scheme to conceal the facts of their negligence from plaintiff by their fraud, misrepresentation, and other ill practices, all of which impeded plaintiff from asserting his cause of action. *1121 The court found the doctrine of contra non valentem applied to prevent the running of prescription. The court distinguished the holding in Chaney which relied on the ignorance of the existence of the claim instead of fraudulent concealment, and noted that Chaney specifically declined to say that LSA-R.S. 9:5628 overruled the entire doctrine of contra non valentem. Therefore, the court addressed the issue of the effect of fraud by the defendant, and held that the doctrine would operate to suspend the running of prescription.
However, a different result was reached by the Third Circuit as to the effect of LSA-R.S. 9:5628 on the doctrine of contra non valentum. In Ramirez v. St. Paul Fire and Marine Insurance Company, 433 So.2d 219 (La.App.3d Cir.1983) writ denied 441 So.2d 212 (La.1983) it was held that contra non valentem was simply no longer available in a medical malpractice claim because the statute operated to curtail an open ended time within which to file a medical malpractice claim.
The claim that contra non valentem suspended the running of prescription under LSA-R.S. 9:5628 was raised before this court in Grant v. Carroll, 424 So.2d 389 (La.App.2d Cir.1982). Plaintiff had surgery in 1976 and did not become aware of a problem caused by alleged negligence in the surgery until 1978. Several attorneys were contacted after the discovery of the problem in 1978 who refused the case, either for personal reasons or because of a belief that the claim had already prescribed. Suit was filed in 1981 and plaintiff argued that prescription was suspended under the doctrine of contra non valentem due to misadvice by attorneys. This court held that the doctrine did not apply and prescription had run because defendant did not prevent the plaintiff from acting and there was no legal cause which prevented the attorneys from acting. The issue of whether LSA-R.S. 9:5628 legislatively overruled the doctrine of contra non valentem was not specifically addressed.
In the present case, plaintiffs argue that defendant's letter, which indicated a two step procedure was utilized to perform decedent's mastectomy and the statement that everything possible was done to prevent the death, was misleading and prevented them from asserting their cause of action. They argue these misrepresentations by defendant triggered the doctrine of contra non valentem and suspended the running of prescription until 1985 when they obtained a copy of decedent's hospital chart and became aware of the misrepresentations.
The trial court did not apply the doctrine of contra non valentem and found that plaintiffs did not prove the requisite fraud or misrepresentation necessary to suspend prescription under the doctrine, even if it was applicable. The trial court found that at the time the operation was performed, plaintiffs were aware of decedent's heart condition and weight, and were aware that a radical mastectomy under general anesthetic had been performed, instead of a biopsy under local anesthetic. The record indicates the plaintiffs knew as much immediately following the operation as they did when they sought legal assistance more than nine years later. Under the facts of this case, it is not necessary to determine whether LSA-R.S. 9:5628 legislatively overruled the entire doctrine of contra non valentem. Rather, we agree with the trial court that if that doctrine should apply, plaintiffs failed to show the requisite fraud, misrepresentation, or ill practices necessary to prevent them from asserting their claim and preventing the running of prescription.

CONSTITUTIONALITY OF LSA-R.S. 9:5628
In argument and brief, plaintiffs contend that LSA-R.S. 9:5628 is unconstitutional because it violates equal protection and due process. This record does not contain any special pleadings attacking the constitutionality of LSA-R.S. 9:5628. Although unclear, the record indicates that the issue was first raised in the trial court by plaintiff's brief in opposition to defendant's peremptory exception of prescription. *1122 Regardless of whether the issue was properly presented to the trial court (and ultimately to this court) the trial court did consider the issue and ruled that the statute was constitutional.
The constitutionality of the statute is argued in brief in this court. Assuming again that the issue is properly before us, we find no constitutional infirmity in LSA-R.S. 9:5628. The claim that this statute denies equal protection and due process has previously been raised in other appellate courts in this state. Blanchard v. Farmer, 431 So.2d 42 (La.App. 1st Cir.1983), writ denied 438 So.2d 571 (La.1983); Valentine v. Thomas, 433 So.2d 289 (La.App. 1st Cir. 1983), writ denied 440 So.2d 728 (La.1983); Crier v. Whitecloud, 455 So.2d 1279 (La. App. 4th Cir.1984), writ granted 460 So.2d 594 (La.1984).[1] In well reasoned opinions, with which we agree, those courts have ruled that the statute does not affect a fundamental right and is not based upon a trait which creates a suspect classification. The provisions of LSA-R.S. 9:5628 have also been found to be supported by a rational basis reasonably related to a legitimate governmental interest sought to be advanced. The courts in Blanchard, Valentine, and Crier, supra, all found that LSA-R.S. 9:5628 has a rational basis in furthering the governmental interest of lowering health care costs by reducing the number of medical malpractice claims and reducing the cost of malpractice insurance.
Each of the constitutional attacks on the statute advanced by plaintiffs in the instant case have been considered in the cases mentioned above. These arguments have again been considered here and rejected. Accordingly, the trial court determination that the statute is constitutional is affirmed.

CONCLUSION
For the reasons stated above, we find that LSA-R.S. 9:5628 is a constitutionally valid, special statute, dealing with damage claims arising from alleged medical malpractice, including claims for wrongful death. Even if the doctrine of contra non valentem agere nulla currit praescriptio has not been completely overruled by the legislative enactment of LSA-R.S. 9:5628, we find that the trial court was correct in its finding that plaintiffs failed to prove sufficient circumstances which would trigger the operation of that doctrine including fraud, misrepresentation, or ill practice by the defendant. We therefore affirm the trial court ruling that plaintiffs' actions for wrongful death of their mother due to the defendant's alleged medical malpractice have prescribed.
The ruling of the trial court sustaining defendant's exception of prescription is affirmed.
AFFIRMED.
NOTES
[1] We note the Louisiana Supreme Court has granted writs in Crier v. Whitecloud, supra, however a ruling on the writ has not been handed down as of the date of this opinion.