WRIT DENIED
BARRY, Judge.
This writ involves a wrongful death and survival action alleging medical malpractice. On December 9, 1982 Mrs. Emmar-rett Brown sought help at Charity Hospital for labor pains, was sent home with a prescription for a yeast infection and returned several hours later in hard labor. She gave birth to her son by means of vaginal breech delivery after hours of labor. The child died in about one hour. She was informed of his death on December 10, 1982.
Mrs. Brown contacted an attorney by the end of December 1982 (at the prompting of her sister) and he requested Charity Hospital records by letter. The attorney was in receipt of the records January 18, 1983 and alleges he and an expert reviewed them and discovered as of January 19,1983 there had been an “act, omission or neglect”.
The original petition was filed January 19, 1984. DHHR excepted (grounds not known), the suit was dismissed without prejudice and refiled May 15,1985. DHHR then filed an exception of prescription which was overruled by the trial court. Applicant, DHHR, concedes for the purposes of this writ as it did for the exception that the second petition was filed timely with respect to the first lawsuit’s dismissal. DHHR argued below and in its application (as in its trial court memorandum) that the first petition was untimely since it was not filed within the one year time limitation.
La.R.S. 9:5628 A, enacted in 1975, and amended to include chiropractors in 1976, governs the time for filing medical malpractice actions. The statute provides:
No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.
Applicant argues the one year from the death prescriptive/peremptive period of La. C.C. Art. 2315[1] pertains to the survival action and the liberative prescription of one year from the date of injury or damages of La.C.C. Art. 3492[2] applies to the wrongful death claim. According to applicant La. R.S. 9:5628 does not pertain to either cause of action.
The circuits do not agree on this issue. The First and Third Circuits have concluded that La.R.S. 9:5628, a general statute which does not specifically provide for those two actions, must yield to the specific provisions of La.C.C. Art. 2315. Giroir v. South Louisiana Medical Center, 453 So.2d 949 (La.App. 1st Cir.1984), reversed *787 in part on other grounds, 475 So.2d 1040 (La.1985); Lambert v. Michel, 364 So.2d 248 (La.App. 3d Cir.1978), writ denied 366 So.2d 917 (La.1978) (involving only a wrongful death action).
In Gover v. Bridges, 486 So.2d 1117 (La.App. 2d Cir.1986), writ granted 491 So.2d 13 (La.1986), the Second Circuit disagreed with Giroir and Lambert and found La.R.S. 9:5628 prevails since it specifically sets forth the time limits for filing claims based on medical malpractice. The court held the language was broad enough to include not'only personal injury claims, but also wrongful death and survival actions.
Support for this position is found in the Supreme Court opinion of Hebert v. Doctors Memorial Hospital, 486 So.2d 717, 721 (La.1986), which states: “Until 1975, actions for damages for negligent injury or death for medical malpractice were governed by the same liberative prescription articles as applied in other torts.” The opinion notes the 1975 enactment of the specific statute and then concludes that La.R.S. 9:5628 “now governs the time for filing medical malpractice actions.” 486 So.2d at 722. The opinion, however, does not involve a wrongful death or survival action.
In affirming Gover the Supreme Court recently discussed the application of La. R.S. 9:5628 in a wrongful death action. Gover v. Bridges, 497 So.2d 1364 (La.1986). La.R.S. 9:5628, upheld against constitutional attacks in Crier v. Whitecloud, 496 So.2d 305 (La.1986), applies to all claims alleging medical malpractice.
Actions must be filed within one year of the act, omission or neglect or within one year of the date of the discovery of the alleged act, omission or neglect. This period of time is prescriptive. Hebert v. Doctors Memorial Hospital, supra. Mere apprehension by a plaintiff that something is wrong is not sufficient to start prescription unless the plaintiff knew or should have known by exercising reasonable diligence that his condition or injury may have been caused by acts of malpractice. Gunter v. Plauche, 439 So.2d 437 (La.1983).
We cannot say the trial court erred when it decided that Mrs. Brown knew of the possible neglect only after her attorney ahd an expert could ascertain that the hospital records indicated an act or omission which caused the baby’s death. The moment of discovery in such a case is most difficult to pinpoint. We conclude the trial court did not err in denying the exception of prescription.
The writ is denied.

. La.C.C. Art. 2315 D(l) in pertinent part provides:
The right to recover all other damages caused by an offense or quasi-offense, if the injured person dies, shall survive for a period of one year from the death of the deceased....

. La.C.C. art. 3492 provides:
Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.