521 So.2d 465 (1988)
Loretta Wilson MINOR, Kathleen Minor Lurding, Sandra Minor and Jennifer Minor Carter
v.
Peter CASTEN, D.D.S. and St. Paul Fire & Marine Insurance Company.
No. CA-8180.
Court of Appeal of Louisiana, Fourth Circuit.
February 10, 1988.
Concurring Opinion February 23, 1988.
Jerome Friedman, Metairie, Adolph J. Levy, New Orleans, for plaintiffs.
Chester A. Fleming III, Boggs, Loehn & Rodrigue, New Orleans, for defendants.
Before BARRY, ARMSTRONG and PLOTKIN, JJ.
BARRY, Judge.
Plaintiffs appeal a judgment which maintains the defendants' exception of prescription. The issue is the applicable prescriptive period in a wrongful death and survival action based on dental malpractice.
On April 20, 1978 O.J. Minor went to Peter Casten, D.D.S., for dental treatment and saw him regularly until August 2, 1982. Mr. Minor claims Dr. Casten advised him to spray chloroseptic on a lesion on the roof of his mouth beginning in November, 1981. Dr. Casten never referred him to a specialist nor did he treat the lesion as a possible cancer.
On or about November 15, 1982 an oral surgeon biopsied Mr. Minor's mouth and diagnosed squamous cell carcinoma. On December 1 he was admitted to the hospital and underwent a right tongue, jaw and *466 neck dissection. When discharged on December 14 the diagnosis was carcinoma of the right floor of the mouth, tongue and mandible with cervical metastasis. From December, 1982 through February 14, 1983 Mr. Minor underwent radiotherapy, but a biopsy on March 21, 1983 revealed continuing carcinoma. He underwent further surgery and died on September 19, 1983.
On September 19, 1984 Mrs. Minor and the children of his first marriage filed a wrongful death and survival action against Dr. Casten and his insurer, St. Paul Fire & Marine Insurance Company, alleging malpractice. The defendants' exception of prescription was maintained under La.R.S. 9:5628 based on the filing more than one year after Dr. Casten's alleged failure to diagnose the cancer. A motion for new trial was denied.
Plaintiffs argue the wrongful death and survival actions were timely under La.C.C. Arts. 2315 (pre-1986) and 3536 (pre-1984). Article 2315 provided at the time that the right to recover damages survived for one year from the death of the injured party. The liberative prescription of one year from the date of injury or damage (death) under La.C.C. Art. 3536 (pre-1984) applied to the wrongful death action.[1]
The defendants contend La.R.S. 9:5628, enacted in 1975 and amended in 1976 to add chiropractors, should apply:
A. No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.
B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
Our Circuits have disagreed on whether the wrongful death statute or R.S. 9:5628 should prevail. The First and Third Circuits have held that R.S. 9:5628, which does not provide for the two actions, must yield to the specific provisions of C.C. Art. 2315. Giroir v. South Louisiana Medical Center, 453 So.2d 949 (La.App. 1st Cir.1984), reversed in part on other grounds, 475 So. 2d 1040 (La.1985) (involving both actions); Lambert v. Michel, 364 So.2d 248 (La.App. 3rd Cir.1978), writ denied 366 So.2d 917 (La.1979) (involving only a wrongful death action).
In Gover v. Bridges, 486 So.2d 1117 (La. App. 2d Cir.1986), affm'd 497 So.2d 1364 (La.1986), the Second Circuit disagreed with Giroir and Lambert and stated that R.S. 9:5628 applies to medical malpractice. At issue was a suit filed more than three years after Mrs. Gover's death. Gover, a wrongful death action, held that suit must be brought within one year from the date of the alleged act, omission, or neglect, or within one year of discovery of the act, omission or neglect, but within the three year maximum. The court concluded that "the language of the statute is broad enough to include not only actions for personal injury due to malpractice, but also survival and wrongful death claims...." 486 So.2d at 1119.
Gover is cited in James v. Phoenix General Hospital, Inc., 154 Ariz. 594, 744 P.2d 695, fn. 12 (1987), which discusses at length the two trends nationwide. Louisiana is included as a jurisdiction which interprets its medical malpractice statute (with legislative intent to impose constraints) as procedurally controlling wrongful death actions.
*467 A negligence action, Hebert v. Doctors Memorial Hospital, 486 So.2d 717, 721 (La. 1986), provides further support: "Until 1975, actions for damages for negligent injury or death for medical malpractice were governed by the same liberative prescription articles as applied in other torts." The Supreme Court noted the 1975 enactment and concluded that R.S. 9:5628 "now governs the time for filing medical malpractice actions." 486 So.2d at 722. See also Brown v. Department of Health and Human Resources, 498 So.2d 785 (La.App. 4th Cir.1986), writs denied 500 So.2d 430 (La.1987).
The applicable statute for this lawsuit is R.S. 9:5628 which has passed constitutional muster. Crier v. Whitecloud, 496 So.2d 305 (La.1986). See Comment, Recent Medical Malpractice LegislationFirst Checkup, 50 TUL.L.REV. 655, 672 (1976). The focus of Supreme Court jurisprudence has been the maximum prescriptive period. In Crier, supra, the court upheld the three year statutory period without regard to the time of discovery.
This court denied writs in a case where the trial court applied R.S. 9:5628 and denied an exception of prescription when the mother of a baby who died hours after birth filed suit within one year of the discovery of the "act, omission or neglect," but more than one year after the baby's death. Brown, supra.
Prescription runs against all persons unless an exception is established by legislation. La.C.C. Art. 3467 (pre-1982 Art. 3521). However, our jurisprudence recognizes as a limited exception the doctrine of contra non valentem agere nulla currit praescriptio, i.e., prescription does not run against a party who is unable to bring an action. Hebert, 486 So.2d at 721, n. 7; Cheramie v. Terral, 516 So.2d 1329 (La.App. 4th Cir.1987).
There are four situations where contra non valentem might apply to prevent prescription: (1) where there was a legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where some condition coupled with the proceedings prevented the creditor from suing or acting; (3) where the debtor has done an act to prevent the creditor from using his cause of action; (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though not induced by the defendant. Gover, 497 So.2d at 1368; Corsey v. State Department of Corrections, 375 So.2d 1319 (La.1979). See Comment, The Scope of the Maxim Contra Non Valentem in Louisiana, 12 TUL.L. REV. 244 (1938). Recently the doctrine was upheld as still a viable exception to the running of prescription. Plaquemines Parish Commission Council v. Delta Development Company, Inc., 502 So.2d 1034 (La.1987).
In Chaney v. State Department of Health and Human Resources, 432 So.2d 256 (La.1983), the Supreme Court held that R.S. 9:5628 legislatively overruled the fourth exception as to a medical malpractice suit filed more than three years after the act, omission or neglect. See also Hebert v. Doctors Memorial Hospital, supra. The court made no finding as to what effect the statute has on the other three exceptions. Gover, 497 So.2d at 1368.
Gover considered claims relating to the third situation of the doctrine, but did not find the necessary fraud to trigger its use where the plaintiffs filed suit nine years after their mother's death. This Court has utilized the doctrine's third situation (involving fraud) to find prescription had not run when suit was filed more than three years after the alleged malpractice. Harvey v. Davis, 432 So.2d 1203 (La.App. 4th Cir.1983).
These plaintiffs sued within the three year maximum. They seek to invoke contra non valentem because their suit was filed more than one year from the alleged neglect or its discovery. Relevant to these facts are the first and second situations which (along with the third) are viable and permit an equitable review of the circumstances of each case to determine if prescription will be tolled. Casenote, Gover v. Bridges: Prescription Applicability of Contra Non Valentem Doctrine To Medical *468 Malpractice Actions, 61 TUL.L.REV. 1541 (1987).
These plaintiffs could not assert a cause of action against Dr. Casten until Mr. Minor's death on September 19, 1983. Therefore, the date of discovery of the neglect, act or omission is not relevant. Under contra non valentem the one year prescription of R.S. 9:5628 started on September 19, 1983 and their petition was timely on September 19, 1984.
The judgment is reversed and the case remanded for further proceedings.
REVERSED; REMANDED.
PLOTKIN, Judge, concurs with reasons.
I concur with the panel's result in this case, but disagree with its legal analysis. I particularly disagree with the conclusion that the Louisiana Supreme Court's decision in Hebert v. Doctors Memorial Hospital, 486 So.2d 717 (La.1986), controls this case and that contra non valentum applies to this adjudication.
The facts in this case are not in dispute. The decedent, O.J. Minor, received dental treatment from defendant Peter Casten, D.D.S. between April 20, 1978 and August 2, 1982. On November 15, 1982, a biopsy performed by an oral surgeon other than Dr. Casten revealed that Mr. Minor was suffering from oral cancer. Despite extensive medical treatment including surgery and radiotherapy, he died on September 19, 1983, ten months after the discovery of the cancer.
Plaintiffs, who are the surviving spouse and children of the decedent, filed the instant action on September 19, 1984. They alleged that the decedent consulted Dr. Casten concerning a lesion on the roof of his mouth as early as November of 1981, and that Dr. Casten advised him to spray Chloraseptic on it. They claim that Dr. Casten's negligent treatment of the decedent resulted in his death.
The trial court sustained the defendants' exception of prescription citing LSA-R.S. 9:5628, governing medical malpractice actions. The court held that the suit was prescribed because it was filed more than one year after Dr. Casten's alleged negligent failure to diagnose the cancer. Plaintiffs appealed.
In filing the instant suit on September 19, 1984, plaintiffs relied on the provisions of La.C.C. arts. 2315 (pre-1986) and 3536 (pre-1984) which governed survival and wrongful death actions in Louisiana prior to adoption of La.C.C. arts. 2315.1 and 2315.2 in 1986. They claim the suit was timely filed under those provisions, which set the prescriptive period for wrongful death and survival actions at one year from the date of death.
The precise issue to be decided in this case has never been specifically addressed by the Louisiana Supreme Court. As indicated by the other members of the panel, the Court stated in Hebert that "La.Rev. Stat. [Section] 9:5628 now governs the time for filing medical malpractice actions." 486 So.2d at 722. However, a careful reading of that case reveals that the factual circumstances in the Hebert case were very different from the circumstances in the case at hand. An analysis of the facts and holding of the Hebert case, in light of other applicable caselaw in the area, reveals that the Supreme Court never intended for suits like the one in question here to be barred by that statement.
Hebert did not involve wrongful death and/or survival actions. In that case, the plaintiff fell to the floor and sustained injuries on March 17, 1975 while a patient at Doctors Memorial Hospital in Baton Rouge. She sued the hospital within a year of her injuries, then attempted to amend the suit against the hospital and add the name of a doctor on October 3, 1984. The Supreme Court held that the limitations on actions established by La.R.S. 9:5628 are prescriptive, rather than preemptive in nature, with one qualification "the contra non valentem type exception to prescription embodied in the discovery rule is expressly made inapplicable after three years from the act, omission or neglect." 486 So.2d at 724-25. Therefore, the court said, the plaintiff's suit was barred because it was filed more than three *469 years from the date of the alleged act of malpractice. Otherwise, the Court indicated, the suit would have been timely because the suit against the hospital, which would have been a solidary obligor with the doctor, interrupted the one-year prescriptive period established by La.R.S. 9:5628.
The factual scenario in the instant case is very different. This case involves wrongful death and survivor actions, filed well within the three-year period which bars all actions based on malpractice according to the Supreme Court's decision in Hebert. Therefore, I disagree with the other members of the panel that this action is barred by a strict compliance with the Hebert decision.
Nor should this action be barred by this court's decision in Brown v. Department of Health and Human Resources, 498 So. 2d 785 (La.App. 4th Cir.1986). Again, the two cases are factually distinctive. In Brown, the wrongful death and survival action was filed on January 19, 1984, more than one year after the alleged act of malpractice on December 9, 1982 and more than one year from the date of death on the same day. The plaintiff claimed the suit was timely filed because she did not discover the alleged act of malpractice until January 19, 1983. We affirmed the trial court's denial of an exception of prescription based on its decision that the medical malpractice statute was applicable.
A study of Louisiana caselaw in the area reveals only one case with a similar factual scenario as the case at hand. In Lambert v. Michel, 364 So.2d 248 (La.App. 3d Cir. 1978), the decedent's cancerous condition was discovered on October 22, 1975, she died on July 14, 1976 and the suit was filed on November 4, 1976, more than a year after the alleged act of malpractice and less than a year from the date of death. As in the instant case, the decedent's cause of action for medical malpractice had not prescribed on the date of her death. Additionally, the suit was filed well within the three-year "outside limit" period established by La.R.S. 9:5628. The appeals court held that the plaintiff was entitled to file a wrongful death and survival action for one year following the death provided the decedent's cause of action had not prescribed at the time of death. That decision was affirmed by the Supreme Court, which stated "The result is correct." Lambert v. Michel, 366 So.2d 917 (La.1979). To date, Lambert has not been overruled.
The jurisprudence related to survival and wrongful death actions arising out of malpractice is ambiguous and confusing. The reason for this confusion is the fact that the various circuits have attempted to fashion a "rule" which would be applicable to these cases. The consequence is circuit conflict. The First and Third circuits have invoked the principle that a general statute must yield to a more specific statute and held that the prescriptive period set out in the wrongful death and survival actions prevail over the medical malpractice prescriptive period. See Giroir v. South Louisiana Medical Center, 453 So.2d 949, 955 (La.App. 1st Cir.1984); Lambert, supra, 364 So.2d at 251. The Second Circuit has disagreed with that position, finding that the language from La.R.S. 9:5628 "is broad enough to include not only actions for personal injury due to malpractice, but also survival and wrongful death claims." Gover v. Bridges, 486 So.2d 1117, 1119 (La. App. 2d Cir.1986), aff'd, 497 So.2d 1364 (La.1986). This circuit has previously indicated that it agrees with the Second Circuit's reasoning, citing Gover, supra and Hebert, supra, in the Brown decision discussed above. The Fifth Circuit apparently has not spoken on this issue.
As a solution to this prescription problem, I would propose a combination of the legal principles embodied in LSA-R.S. 9:5628 and the wrongful death and survivor articles.
The legislative history and caselaw interpreting LSA-R.S. 9:5628, including the Hebert case, indicates that the primary purpose of that statute was to establish the three-year "outside limit" for the filing of all suits alleging medical malpractice. The purpose of the statute was "to provide for a maximum prescriptive period and abandonment with respect to medical malpractice suits," according to Acts of the State *470 of Louisiana, No. 808 (1975). The instant action was filed within the three-year period, so allowing this action does not subvert the purpose of the statute.
Additionally, allowing this action under the wrongful death and survivor codal articles is consistent with the intent of those articles. Normally, all tort actions would be barred under La.C.C. art. 2315 one year from the date of the act, omission or neglect which caused the damages or injuries. However, survivor actions, which allow legal survivors to recover damages experienced by the decedent prior to death, and wrongful death actions, which allow survivors to recover for their own losses occasioned by the death, are allowed for a year from the date of death. Since medical malpractice is technically a tort, allowing survival and wrongful death actions based on such allegations is consistent with the codal articles.
The panel is correct that if Hebert must be interpreted to mean that the one-year-from-date-of-act-or-discovery rule from LSA-R.S. 9:5628 applies in every case alleging medical malpractice, then contra non valentum would operate to prevent dismissal of this action. However, this is not the holding in Hebert.
Even if Hebert is considered to control this case, as the panel interprets it, there is nothing in the record to indicate when Dr. Casten's alleged negligence was discovered. The lower court and the panel assumed that the negligence was discovered no later than November 15, 1982, the day the biopsy revealed the decedent had cancer. However, if this unproven presumption is incorrect and the negligence was not discovered until some later time, then the cause of action was not necessarily prescribed on September 19, 1984 when the plaintiffs filed this action.
Interpreting the Hebert case as the panel does to establish a "rule" that the one-year prescriptive period set out in LSA-R.S. 9:5628 applies to all cases sounding in medical malpractice would also result in the total bar to survival and wrongful death actions anytime the alleged malpractice occurs and is discovered more than a year prior to the decedent's death. Under that factual scenario, the survivors would have no opportunity to file an action to recover their own losses occasioned by the death of the injured party.
In conclusion, I believe that the purpose of LRS-R.S. 9:5628 is to bar all medical malpractice actions after three years from the date of the act, omission or neglect giving rise to the action, regardless of whether the alleged malpractice has been discovered prior to that date. This three-year prescriptive period should apply even to wrongful death and survivor actions. However, within that limit, when, as in the instant case, both the injured party and his legal successors fail to bring the action within the one-year period, but the successors file suit within a year of the death, the action should be allowed under the wrongful death and survivor articles. Survivor actions should be allowed under the above rule only when the decedent's own cause of action has not expired at the time of his death.
NOTES
[1] La.Acts 1986, No. 211, § 2 enacted Arts. 2315.1 (originally enacted as 2315.3 but redesignated 2315.1) and 2315.2 (originally enacted as 2315.4 but redesignated 2315.2) to cover survival and wrongful death actions respectively and both set out a one year prescriptive period. The new articles describe these actions and their prescriptive periods which were covered by C.C. Art. 2315 (pre-1986) and 3536 (pre-1984, now Art. 3492).