United States Court of Appeals,

Fifth Circuit.

No. 92-3659.

Gerald BURGE, Plaintiff-Appellant,

v.

PARISH OF ST. TAMMANY, et al., Defendants-Appellees.

Aug. 2, 1993.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before SMITH, DUHÉ, and WIENER, Circuit Judges.

DUHÉ, Circuit Judge:

Gerald Burge appeals the dismissal of his civil rights action. The district court concluded that Burge's claims were prescribed by the applicable one-year statute of limitations. We conclude that Appellant's pursuit of state habeas remedies tolled the prescriptive period. Accordingly, we reverse and remand for further proceedings.

I.

Appellant was convicted of murder and sentenced to life imprisonment. His counsel then began an inquiry into the disappearance of the police file compiled during the murder investigation. Burge's counsel had previously requested that any exculpatory evidence in the possession of the St. Tammany Parish Sheriff's Office be disclosed so that Burge could prepare his defense. *See Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The Sheriff's Office replied that there was no exculpatory evidence; later, it conceded that the police investigatory file was "lost or misplaced."

The investigatory file was ultimately discovered. It contained statements from the decedent's mother and others which cast serious doubt on Burge's guilt. Having previously exhausted his direct appeals, Burge filed a petition in state court for post-conviction relief. This petition alleged that the prosecution's failure to comply with the *Brady* rule impermissibly violated Burge's right to a fair trial. The state court agreed, and ordered a new trial. In the second trial, Burge was acquitted.

In June 1991, Appellant filed a civil rights action against St. Tammany Parish, the St. Tammany District Attorney's Office, the Sheriff's Office and Sheriff Patrick Canulette, and Detective Gary Hale. 42 U.S.C. §§ 1983, 1985 (1981). The claims against the District Attorney's Office were dismissed on the basis of prosecutorial immunity. The remaining defendants moved to dismiss on the basis of prescription, arguing that Burge's claims accrued, at the latest, on September 1, 1989, when he filed his initial habeas corpus petition alleging a *Brady* violation.[1] Because there is no federal statute of limitations for § 1983 and 1985 actions, the district court applied Louisiana's liberative prescription (statute of limitations) for tort actions. La.Civ.Code Ann. art 3492 (Supp.1992); *see Elzy v. Roberson,* 868 F.2d 793, 794 (5th Cir.1989) (approving application of art. 3492 to § 1983 claim). The court held that Burge's claims were prescribed based on this one-year statute of limitation.

## II.

On appeal, Burge argues that the prescriptive period was tolled while he exhausted his state remedies. This contention finds support in *Fulford v. Klein,* 529 F.2d 377 (5th Cir.1976), *adhered to en banc,* 550 F.2d 342 (5th Cir.1977).

> We hold that a § 1983 action for damages based on the withholding at trial of possible exculpatory evidence by state officials in violation of *Brady v. Maryland* ..., cannot be prosecuted while the state case is on appeal and before all state remedies have been exhausted in seeking relief from the conviction allegedly obtained in violation of the federal Constitution and law.

529 F.2d at 378; *see Serio v. Louisiana State Bd. of Pardons,* 821 F.2d 1112, 1117 (5th Cir.1987).

Consistent with the practice of borrowing state statutes of limitations for § 1983 claims, federal courts also look to state law for its tolling provisions. *See Hardin v. Straub,* 490 U.S. 536, 538-39, 109 S.Ct. 1998, 2000, 104 L.Ed.2d 582 (1989); *Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir.1992). Accordingly, we must assess whether Louisiana law would hold the liberative prescription period in abeyance pending the outcome of Burge's state habeas proceedings. *See id.* (applying Texas

---

[1]Although state law governs the limitations period and tolling exceptions, *see* discussion *infra* at § II, federal law governs when a civil rights action accrues. *Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir.1992). Under federal law, such actions accrue "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (internal citations omitted).

law).[2]

### III.

"Prescription runs against all persons unless an exception is established by legislation." *Minor v. Casten,* 521 So.2d 465, 467 (La.Ct.App.1988). However, Louisiana's jurisprudence recognizes a limited exception to codified prescriptions: *Contra non valentem agere nulla currit praescriptio, i.e.* prescription does not run against a party who is unable to bring an action. *Plaquemines Parish Comm'n Council v. Delta Dev. Co.,* 502 So.2d 1034, 1055-56 (La.1987); *Minor,* 521 So.2d at 467; *see also Ayo v. Johns-Manville Sales Corp.,* 771 F.2d 902, 907 (5th Cir.1985) (applying Louisiana law). There are four recognized situations where the doctrine of *contra non valentem* might apply to toll the prescriptive period:

> (1) [W]here there was a legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where some condition coupled with the proceedings prevented the creditor from suing or acting; (3) where the debtor has done an act to prevent the creditor from using the cause of action; (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though he is not induced by the defendant.

*Minor,* 521 So.2d at 467 (citing *Corsey v. State Dep't of Corrections,* 375 So.2d 1319 (La.1979); *Gover v. Bridges,* 486 So.2d 1117 (La.Ct.App.), *aff'd,* 497 So.2d 1364 (La.1986)). It is the first situation, prevention by a legal impediment, that guides the resolution of the instant dispute.

Burge could not have prosecuted his civil rights claim for damages against the Appellees until he exhausted available state habeas remedies. *Serio,* 821 F.2d at 1117; *Fulford,* 529 F.2d at 378, 381, *adhered to en banc,* 550 F.2d 342 (5th Cir.1977). This was a "legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action." *Minor,* 521 So.2d at 467. Because he could not have prosecuted the § 1983 and § 1985 claims until the state habeas proceedings were exhausted, Burge's June 1991 filing of his civil rights claims was not

---

[2]*See also Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). The *Johnson* Court held that timely filing an employment discrimination charge with the Equal Employment Opportunity Commission did not toll the limitation period for filing a civil rights (42 U.S.C. § 1981) action. The Court did acknowledge that state law could have provided a tolling mechanism. However, no provisions in Tennessee's statutes were applicable. *Id.* at 463, 95 S.Ct. at 1721.

prescribed.[3] *See Rodriguez v. Holmes,* 963 F.2d 799, 805 (5th Cir.1992) (applying Texas tolling provision, and noting that federal courts have equitable power to fashion tolling provisions in exceptional circumstances); *Jackson,* 950 F.2d at 266 (Texas law).

While Burge may have been stymied in *prosecuting* his civil rights claims, he could have tolled the prescriptive period by *filing* suit in federal court and simultaneously requesting that the action be stayed pending the outcome of his state proceedings. *See, e.g., Jewell v. County of Nassau,* 917 F.2d 738, 740-41 (2nd Cir.1990) (New York's statutory tolling provisions inapplicable; judicial stay was "only means by which bar of limitations may be avoided.") (citing *Board of Regents v. Tomanio,* 446 U.S. 478, 486-87, 100 S.Ct. 1790, 1796-97, 64 L.Ed.2d 440) (1980)). We have recognized that district courts retain discretion to take such a step to protect plaintiffs against the running of a limitations period. *See Borning v. Cain,* 754 F.2d 1151, 1152-53 (5th Cir.1985); *Richardson v. Fleming,* 651 F.2d 366, 375 (5th Cir.1981); *Fulford,* 529 F.2d at 382, *adhered to en banc,* 550 F.2d 342 (5th Cir.1977). Nevertheless, in light of Louisiana's jurisprudential tolling mechanism discussed above, we see no purpose in requiring this plaintiff to perform the hollow act of filing a premature complaint pending the exhaustion of his state remedies.

IV.

Louisiana's liberative prescription period was tolled because Burge faced a legal impediment which precluded him from prosecuting his federal civil rights action. His § 1983 and 1985 claims were, therefore, timely filed. We REVERSE the dismissal of his claims and REMAND the matter for further proceedings.

---

[3]On April 12, 1991 the Louisiana Supreme Court denied writs in the state proceeding. The judgment which granted Burge's habeas relief was final at that time. However, Burge was released from custody on July 13, 1990. At this time no further habeas relief, either from the state or federal courts, was possible. Using either of these dates, it is evident that Burge's June 1991 filing of his civil rights actions was timely.