Wayne **MALTESE** and Sandra Maltese

v.

**KELLER INDUSTRIES, INC. and
Home Depot U.S.A., Inc.**

Civ. A. No. 92–3573.

United States District Court,
E.D. Louisiana.

May 13, 1994.

**17.** La.R.S. 9:2772(B).

Waldon Michael Hingle, Michael Hingle & Associates, Inc., New Orleans, LA, for plaintiffs.

Mark E. Seamster, Seale, Macaluso, Daigle & Ross, Hammond, LA, for defendants.

### RULING ON MOTION

LIVAUDAIS, District Judge.

Defendants Keller Industries, Inc. ("Keller"), and Home Insurance Company, have filed a motion for summary judgment, seeking dismissal of plaintiff's claims because they are time-barred. Plaintiffs Wayne Maltese and Sandra Maltese oppose this motion.[1]

---

1. For purposes of this discussion, Keller and Home Insurance shall be referred to collectively as "Keller."

Plaintiff Wayne Maltese ("Maltese") purchased a folding lawn chair, the product which is the subject of this action, on June 9, 1991, from a Home Depot retail outlet in New Orleans, Louisiana. It was part of a set of four chairs packaged together in one box. The box indicated that the chairs were manufactured by Keller. Maltese claims that he was injured on December 12, 1991, when he sat down in the chair and the chair collapsed due to the malfunction of a rivet in the lawn chair. On June 4, 1992, plaintiff's counsel sent a letter to the Home Depot store where the chairs were purchased, requesting the name of the store's insurer. The letter also states: "Please also let me know how to contact the manufacturer of the chair, Keller Chair Manufacturer." Exhibit F to Keller's Motion for Summary Judgment.

In response to this letter, Andrew S. Etkind, the Products Litigation Administrator for Home Depot, advised plaintiff's counsel on July 14, 1992, "I have immediately forwarded your correspondence to Sunbeam Outdoor Products/Keller, the manufacturer/supplier of the chair in question, at their office in Portland TN. As the Home Depot is an additional insured under Sunbeam's products liability insurance policy, either Sunbeam or their insurer will be handling this claim." Exhibit G to Keller's Motion for Summary Judgment (emphasis added).

On July 15, 1992, Jacquelyn M. Schroeder, Consumer Affairs Coordinator, for Sunbeam Outdoor Products, also replied to Maltese's counsel, stating, "Mr. Andrew S. Etkind forwarded the June 4, 1992 letter to my attention as we manufacture aluminum outdoor furniture and provide this product to the Home Depot stores under the Keller name. Based on the information in your letter, there is some possibility that Sunbeam Outdoor Products manufactured the chair; therefore, we are forwarding a copy of the file to our insurance/claims representative for investigation." Exhibit H to Keller's Motion for Summary Judgment (emphasis added).

On October 29, 1992, plaintiff filed suit against Sunbeam–Oster Co., Inc. and Home Depot USA, Inc. On December 30, 1992, defendant Sunbeam–Oster Co., Inc. and Home Depot USA, Inc., both represented by the same counsel, answered the complaint. Plaintiffs amended their suit on May 14, 1993, adding Keller Industries, Inc., as a defendant. On August 8, 1993, defendant Keller answered the suit, represented by the same attorney representing Home Depot and Sunbeam–Oster. Sunbeam–Oster filed a motion for summary judgment, seeking dismissal of the complaint against it on the ground that it was not the manufacturer of the chair. The motion was granted on September 30, 1993, the Court finding that while Sunbeam–Oster purchased certain assets of Keller, the lawn chair in question was manufactured prior to the purchase of the assets, and in the transaction, Sunbeam–Oster did not assume any liabilities of Keller that pre-existed the sale. On November 23, 1993, Home Depot USA, Inc., filed a motion for summary judgment, arguing that it had no liability as a vendor. The Court granted Home Depot's motion for summary judgment, dismissing plaintiff's claim against it and further finding that Home Depot was not a solidary obligor with Keller. Plaintiff also filed an amended complaint adding Home Insurance Company, Keller's insurer, as a direct defendant.

Keller argues that inasmuch as it was not named as a defendant until 18 months after the plaintiff's cause of action arose, plaintiff's claim has prescribed. Maltese argues that the motion for summary judgment by Keller should be denied because:

(1) it is premature insofar as discovery is still continuing and there is currently pending a motion to compel production of documents, namely, an insurance policy and an indemnity agreement which counsel for defendants has failed to locate or objected to produce and which should create an adverse inference against Keller; (2) plaintiffs' supplemental complaint adding Keller as a defendant relates back to the date of filing of the original complaint for damages on October 29, 1992; and (3) the doctrine of *contra non valentum agere nulla currit praescriptio* is applicable to the case at bar.

Plaintiff's Memorandum in Opposition to Keller's Motion for Summary Judgment, pp. 1–2. Each ground for denial shall be discussed separately.

■ Maltese argues that the failure of the defendant to produce certain insurance policies and indemnity agreements which were sought in discovery creates a presumption that the documents would have been unfavorable to the defendant's position, creating a disputed material issue of fact which defeats summary judgment. The Court has already found that there is no solidary liability between Home Depot and Keller in tort because Home Depot is not liable in tort. The Court has also already found that there can be no contractual liability to the plaintiff since plaintiff's cause of action arises out of a tort, not a contract. The contractual relationship between Home Depot and Keller would not operate to create liability in tort to the plaintiff.

Plaintiff next argues that the amendment of the complaint to allege a claim against Keller relates back to the original filing of the action pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. At the time this suit was filed and when it was amended, Rule 15(c) provided:

An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the parties or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(j) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and

·(B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

28 U.S.C.A., Rule 15(c), Federal Rules of Civil Procedure (West 1992).[2]

Keller was named as party defendant on May 14, 1993, which was not within 120 days from the filing of the original complaint or even within 120 days from the date prescription would ordinarily have run, i.e., one year from the date of the accident, December 12, 1992, unless that day was a Saturday, Sunday, or legal holiday. Plaintiff argues that the 120 day period referred to in Rule 15(c)(3) commences to run on the date the amended party is sued, but that would create a seemingly unlimited time period for amendments. Thus, plaintiff cannot avail himself of the relation back document established in Rule 15(c)(3) of the Federal Rules of Civil Procedure because the amendment was not timely.

■ Rule 15(c)(1) allows an amended pleading to relate back when "relation back is permitted by the law that provides the statute of limitations applicable to the action." The Louisiana statute of limitations is applicable to this action. Under Louisiana Code of Civil Procedure article 1153, "When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading." The Louisiana Supreme Court in *Ray v. Alexandria Mall*, 434 So.2d 1083 (La.1983), established the following criteria for determining when article 1153 permits an amendment naming a new party to relate back to the date of the filing of the original petition:

(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;

---

**2.** Rule 15(c)(3) was amended, effective Dec. 1, 1993, to provide that an amendment of a pleading will relate back to the date of the original pleading when ... (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits and (b) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;

(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;

(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.

434 So.2d at 1086–1087.

Applying these criteria to the case *sub judice*, the amended claim arises out of the same transaction in the original suit, as the amended claim names a different party. The second requirement is that the purported substitute defendant must have received notice of the action such that he will not be prejudiced in maintaining a defense. Keller argues that this means notice within the prescriptive period, and has attached affidavits indicating that it was not notified within the one year prescriptive period.

The Louisiana Supreme Court has also addressed this question in *Findley v. City of Baton Rouge*, 570 So.2d 1168 (La.1991), *reh'g denied*, Jan. 17, 1991. The plaintiff in *Findley* was injured in a public park in Baton Rouge, Louisiana, and filed suit against the City of Baton Rouge, alleging that his injuries were caused by a defective condition in a park roadway, within the prescriptive period. Approximately 15 months after the plaintiff's accident, the City discovered that the park was owned by the Recreation and Park Commission for the Parish of East Baton Rouge (BREC) and that the city had never owned, maintained, or controlled the property or its roadways. The City thereafter filed a motion for summary judgment seeking dismissal, which was granted, and the plaintiff filed an amended petition naming BREC as a defendant. The trial court dismissed BREC on the basis of prescription, and the court of appeals affirmed. The Louisiana Supreme Court reversed, finding that the *Ray* criteria had been met.

The *Findley* court interpreted the notice provisions as follows:

The gravamen of the second criteria is prevention of prejudice to the defendant in preparing and conducting its defense. A fundamental purpose of prescriptive statutes is to protect a defendant from stale claims and from the loss or non-preservation of relevant proof. Prescriptive statutes seek to prevent prejudice to a defendant either by a delay in notification of the claim (the prejudice usually being the deprivation of an opportunity to perform a timely investigation of the claim) or by the loss of documents or witnesses which the defendant would have gathered or preserved if timely notified. Tate, *Amendment of Pleadings in Louisiana*, 43 Tulane Law Review 211 (1969). While designed to protect a defendant against prejudice from lack of notification of a claim within the period of limitation, prescriptive statutes are not designed to protect a defendant against non-prejudicial pleading mistakes that his opponent makes in filing the claim within the period. [citations omitted] The federal courts have liberally applied the doctrine of relation back, especially if no disadvantage will accrue to the opposing party. *Williams v. United States*, 405 F.2d 234 (5th Cir.1968); 1A Barron & Holt, Federal Practice & Procedure § 448 (Wright ed. 1960).

570 So.2d at 1170.

The Louisiana Supreme Court rejected the notion that the notice to the newly named defendant must have occurred within the prescriptive period, stating that "[p]rejudice is the significant consideration." *Id.* at 1171. Finding that the City had promptly conducted an investigation and that the City shared the material it gathered with BREC, the Court concluded that BREC had not suffered prejudice in preparing and conducting its defense. The Court also noted that a factor to be considered in determining whether the newly named defendant was prejudiced was the identity of interests between the two, and concluded that the close relationship between the City and BREC was akin to that of a parent corporation and its subsidiary. The *Findley* court also con-

cluded that BREC knew or should have known that it was the proper defendant and that it was not a "wholly new or unrelated defendant."[3]

■ In the present case, Keller, the substituted defendant, is being represented by the same counsel as the dismissed defendant, Sunbeam/Oster. While it may not have been notified within the prescriptive period, there is no allegation of any prejudice to it by the short delay in the amendment of the suit. Further, it was clearly an error by its successor in interest, Sunbeam/Oster, which led to the delay in the notice, as the plaintiff, when requesting the name of the proper defendant, was advised twice that the manufacturer of the chair was Sunbeam–Oster/Keller. Further, plaintiff has attached the affidavit of his counsel's paralegal, who states that in August, 1992, she contacted Sunbeam–Oster in Portland, Tennessee, as advised by the defendant, and was informed that Sunbeam–Oster purchased Keller. The plaintiff was not notified within the prescriptive period of the possibility that the lawn chair in question may have been manufactured prior to the asset purchase by Sunbeam–Oster and that Sunbeam–Oster had not accepted any liabilities which pre-existed the asset purchase. This information was not within plaintiff's ability to discover prior to the time he was advised of the agreement, but it certainly was within Sunbeam–Oster's knowledge.

Further, the court record indicates that Sunbeam–Oster and Home Depot, through their counsel (who also represents Keller) did conduct an investigation and made all information available to Keller. Keller's Risk Manager's affidavit, appended to Keller's motion for summary judgment, affirms that she was notified by counsel for Sunbeam–Oster and Home Depot on May 7, 1993. Exhibit D to Keller's motion for summary judgment. The formal notice provided to Keller advises that Sunbeam–Oster stands "ready to give Keller and/or its counsel access to any and all information necessary to enable Keller to investigate or participate in the defense of

this claim." Keller was thus the predecessor to Sunbeam–Oster and they shared a mutuality of interests in defending plaintiff's claim. Considering the record and all documents contained therein, and the law, the Court finds that Keller received such notice of the institution of the action such that it will not be prejudiced in maintaining a defense on the merits.

The third *Ray* criterion is that the substitute defendant must know or should know that but for a mistake concerning the identity of the proper party defendant, the suit would have been filed against him. Since Keller manufactured the chair, Keller obviously knows or should know that plaintiff would have sued it had it known it was the manufacturer and not Sunbeam–Oster.

The last *Ray* factor is that the purported substitute defendant not be a wholly new or unrelated defendant. Montey Corporation, a wholly owned subsidiary of Sunbeam–Oster, purchased the furniture division of Keller Industries. The substitute defendant is therefore the predecessor in interest to the previously named defendant. It is not, therefore, a wholly new or unrelated defendant. The Court therefore finds that pursuant to Federal Rule of Civil Procedure 15(c)(1), which adopts Louisiana Code of Civil Procedure article 1153, and its interpretive jurisprudence, *Ray*, 434 So.2d at 1083 and *Findley*, 570 So.2d at 1168, the amendment of the complaint adding Keller relates back to the date of filing of the original petition. The plaintiff's claim against Keller is not time-barred and thus Keller's motion for summary judgment must be denied.

■ While it is unnecessary to decide whether *contra non valentum* is applicable to this question, as the Court has already determined that the amended complaint related back, for purposes of review the Court does find that *contra non valentum* would have operated to suspend the prescriptive period solely as to Keller. This principle "is based upon the equitable notion that no one is required to exercise a right when it is impos-

---

3. The Louisiana Supreme Court in *Findley* tacitly rejected the requirement imposed by the appellate court that plaintiff must show that the defendants engaged in a "legalistic smoke screen" in

order to be entitled to have its amendment relate back or that the defendants must have been in bad faith. 570 So.2d at 1169.

sible for him or her to do so" and in cases where the plaintiff is "not aware that the damage suffered is the fault of the defendant," the doctrine will suspend the running of the prescriptive period until such time as "plaintiff knew or reasonably should have known that his or her damages were the fault of the defendant's negligent act." *Harvey v. Dixie Graphics, Inc.*, 593 So.2d 351, 354 (La.1992). "Prescription does not run against one who is ignorant of the facts upon which his cause of action is based, as long as such ignorance is not willful, negligent or *unreasonable.*" *In Re Medical Review Panel of Howard*, 573 So.2d 472, 474 (La.1991).

■ There are various circumstances where *contra non valentum* might apply, including "where some condition coupled with the proceeding prevented the creditor from suing or acting" and "where the cause of action is known or reasonably knowable by the plaintiff, even though not induced by the defendant." *Minor v. Casten*, 521 So.2d 465, 467 (La.App.4th Cir.1988). Here, the plaintiff asked the defendant, Home Depot, how to get into contact with the chair manufacturer, Keller, well within the prescriptive period. Also well within the prescriptive period, Sunbeam–Oster advised the plaintiff on three separate occasions (twice in writing once by telephone) that it was the manufacturer of the chair, but never qualified that advice with the admonition that if the chair was manufactured prior to the asset-purchase agreement, it would bear no liability. Plaintiff had no reason to suspect that another entity actually manufactured the chair until he was so informed after the prescriptive period would normally have expired. Further, the Court can find no neglect, or willfulness on plaintiff's part which created this situation.[4]

Accordingly, for the above and foregoing reasons,

**IT IS ORDERED** that the motion of Keller Industries, Inc., and Home Insurance Company, be and is hereby **DENIED.**

---

4. Defendant argues that plaintiff's counsel was dilatory in allowing the chair in question to be inspected. There is nothing in the record to indicate that it was the inspection of the chair itself which triggered the admission by Sunbeam–Oster that it was not the manufacturer and thus not the proper defendant. Plaintiff plainly advised what date the accident occurred and what date the chair was purchased in his complaint filed on October 29, 1992; prior thereto,

he advised various claims adjusters the date of his accident. It is purely the date the chair was purchased, June 1991, which put, or should have put, Sunbeam–Oster on notice that it was Keller's liability, since the asset purchase agreement occurred in August 1991. Sunbeam–Oster knew that, at the latest, when it was served with the complaint, presumably within the prescriptive period.