432 So.2d 1203 (1983)
Audrey HARVEY, et al.,
v.
James R. DAVIS, M.D., et al.
No. C-0961.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1983.
Herbert A. Cade and Ernest F. Charbonnet, New Orleans, for plaintiff.
Harry E. Forst, New Orleans, for defendant.
*1204 Before GULOTTA, GARRISON and KLEES, JJ.
GULOTTA, Judge.
In this medical malpractice case, the defendant-relator, Dwight McKenna, M.D., seeks supervisory writs to set aside the trial court's judgment overruling his exception of prescription. According to defendant, the suit filed more than three years after the alleged malpractice is untimely under LSA-R.S. 9:5628, despite plaintiffs' claim of discovery of their cause of action within a year prior to filing. We deny the writ application.
Plaintiffs allege that defendants "... engaged in a scheme, both together and independently, to conceal the facts of their negligence from plaintiff ... and in fact did conceal the true facts of plaintiffs' medical condition from plaintiff and his mother, and in doing so committed fraud, misrepresentation and other ill practices, which impeded and prevented the plaintiff and his guardian and representatives from knowing of and asserting his cause of action." By these allegations of fraud, plaintiffs claim, under the doctrine of contra non valentum, that prescription cannot run because defendant's conduct prevented them from knowing or acting upon their cause of action. See Corsey v. State Dept. of Corrections, 375 So.2d 1319 (La.1979); Hyman v. Hibernia Bank & Trust Co., 139 La. 411, 71 So. 598 (1916). We agree.
We distinguish Chaney v. State, through Dept. of Health, 432 So.2d 256, recently decided by the Supreme Court on May 23, 1983. Unlike our case, the plaintiffs in Chaney relied on the doctrine of contra non valentum based on allegations of ignorance of their cause of actions rather than any fraudulent concealment by the defendants. In Chaney, the Supreme Court narrowly held that the three year prescriptive period of LSA-R.S. 9:5628 legislatively overrules that aspect of the contra non valentum doctrine where the cause of action is not known or reasonably knowable by a plaintiff, even though his ignorance is not induced by the defendant. The Supreme Court expressly noted, however, that the question of the effect of LSA-R.S. 9:5628 on other aspects of the doctrine of contra non valentum, including the fraud aspect, invoked in the instant case, was not before the court.
Under these circumstances, we conclude the trial judge properly overruled defendant's plea of prescription. Accordingly, the application is denied.