525 So.2d 361 (1988)
Lorraine S. WHITNELL, et al.
v.
Dr. John G. MENVILLE.
No. CA-9157.
Court of Appeal of Louisiana, Fourth Circuit.
April 22, 1988.
*362 Chester A. Fleming, III, Boggs, Loehn & Rodrigue, New Orleans, for defendant, Dr. John G. Menville.
Russ M. Herman, Tonia D. Aiken, Herman, Herman, Kate & Cotlar, New Orleans, for plaintiffs, Lorraine S. Whitnell, et al.
Before KLEES, WARD and ARMSTRONG, JJ.
WARD, Judge.
Lorraine and James Whitnell appeal a judgment sustaining an exception of prescription in their medical malpractice suit against Dr. John Menville. The Whitnells assert that the dismissal of their suit against Dr. Menville violated the due process, equal protection, and access to the courts clauses of the Louisiana Constitution. We reject the argument and affirm the Trial Court's decision.
Mrs. Whitnell was treated by Dr. Menville, a urologist, in May of 1980 for a bladder condition. In 1983, she began seeing Dr. Arthur Silverman, also for bladder and urinary tract problems. On October 12, 1984, Mrs. Whitnell was informed that a malignant tumor in her bladder necessitated surgical removal. The surgery, which removed the bladder and reproductive organs, was performed on October 29, 1984.
On September 26, 1985, the Whitnells filed a malpractice suit against Dr. Silverman and others, alleging the solidary liability of all defendants. This suit, which did not name Dr. Menville as a defendant, was dismissed without prejudice on an exception of prematurity. Following a Medical Review Panel decision, the Whitnells filed a second suit on September 22, 1986, naming Dr. Menville as a defendant for the first time and alleging malpractice in his May, 1980 treatment of Mrs. Whitnell. Dr. Menville filed an exception of prescription, relying on the three year limitation of La.R.S. 9:5628. This exception was sustained by the Trial Court.
La.R.S. 9:5628, as it read in 1986[1], provided:
A. No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.
B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
In this appeal, the Whitnells claim that La.R.S. 9:5628 deprives a potential plaintiff of a right before he knows it exists, and furthermore that it discriminates *363 against medical malpractice claimants by treating them differently than persons suing for damages caused by other tortious acts. The Whitnells assert that La.R.S. 9:5628 was enacted under the premise that such a limit would help to eliminate the problem of rapidly rising malpractice insurance premiums. The Whitnells claim that the statute has not had this effect, but rather, has done nothing to reduce malpractice insurance rates and has only deprived plaintiffs of their day in court.
The Whitnells' argument has already been addressed by the Louisiana Supreme Court in Crier v. Whitecloud, 496 So.2d 305 (La.1986), in which the constitutionality of La.R.S. 9:5628 was tested on the same grounds asserted in the present case. In Crier, the Court held that the three year limitation on medical malpractice actions does not violate the due process, equal protection, or access to the courts clauses of the Louisiana Constitution. Recently, Crier v. Whitecloud has been followed in two opinions of this Court, Cheramie v. Terral, 516 So.2d 1329 (La.App. 4th Cir.1987) writs denied, 521 So.2d 1169 (La.1988), and Minor v. Casten, 521 So.2d 465 (La.App. 4th Cir.1988), and it controls the result in this case.
Furthermore, this Court in Williams v. Kushner, 524 So.2d 191 (La. App. 4th Cir.1988), recently rejected the same argument now advanced by the Whitnells that would have courts determine the constitutionality of a statute by asking whether it has in fact accomplished its intended purposes. We held in Williams that a statute need not have in fact achieved the intended purpose if the legislature reasonably believed that the enactment would further the intended purpose.
In a supplemental brief, the Whitnells ask us to remand this case for a factual inquiry into the legislative motive and necessity for the enactment of La.R.S. 9:5628. For support, they cite Sibley v. Board of Supervisors, 477 So.2d 1094 (La. 1985), in which the Supreme Court, in deciding the constitutionality of La.R.S. 40:1299.39, remanded the case for presentation of evidence on the constitutional question. In Sibley, however, the Court explained that remand was necessary only because it had set forth a new standard of constitutional analysis, which could not have been anticipated by the parties while the case was at the trial level. In the Whitnells' case, however, there is no reason why an evidentiary hearing could not have been requested in the Trial Court. In any event, as the Court indicated in Crier, the legislative motive in enacting R.S. 9:5628 is clear, and an evidentiary hearing would be a waste of time. As to the request for remand to take evidence of the statute's necessity, whether a statute is necessary is always questionable; but it is a legislative question with a politically debatable answer, and thus not for review by the courts.
Finally, the Whitnells urge the application of the doctrine of contra non valentem agere nulla currit praescriptio, i.e., prescription does not run against one unable to bring an action, as applied in Shortess v. Touro Infirmary, 520 So.2d 389 (La.1988). Shortess is distinguishable from the Whitnells' case because the defendant in Shortess, against whom contra non valentem applied, was a supplier of blood, not a medical care provider subject to R.S. 9:5628. For medical care providers, like Dr. Menville, who are subject to R.S. 9:5628, the discovery rule of contra non valentem is inapplicable after three years from the act, omission or neglect. Hebert v. Doctors Memorial Hospital, 486 So.2d 717, 724 (La.1986).
For the foregoing reasons, we find that plaintiffs' suit against Dr. Menville, filed some six years after the alleged act of malpractice, is prescribed and we affirm the holding of the trial court, dismissing the Whitnells' suit against this defendant.
AFFIRMED.
NOTES
[1] The statute was amended by Acts 1987, No. 915, § 1, effective September 1, 1987. The amendments are minor and do not change the substance of the law.