592 So.2d 429 (1991)
Lorraine S. Whitnell, Wife of/and James WHITNELL
v.
Dr. Arthur SILVERMAN, et al.
No. 91-CA-0426.
Court of Appeal of Louisiana, Fourth Circuit.
December 11, 1991.
Rehearing Denied February 12, 1992.
*430 Russ M. Herman, Mark R. Wolfe, John B. Loweb, Charles O. Taylor, Herman, Herman, Katz & Cotlar, New Orleans, for appellants.
Chester A. Fleming, III, Boggs, Loehn & Rodrigue, New Orleans, for appellees.
Before BARRY, KLEES and CIACCIO, JJ.
CIACCIO, Judge.
This is a medical malpractice action in which plaintiff appeals from the trial court's action which sustained defendant's exception of prescription. We affirm.

Facts
Plaintiff Lorraine Whitnell and her husband filed a medical malpractice lawsuit against Dr. John G. Menville and others in 1986 after Mrs. Whitnell was diagnosed as having cancer of the bladder. In that petition, plaintiff alleged that Dr. Menville failed to diagnose her bladder cancer during his treatment of her in 1980 for recurrent urinary tract infections. In response to this petition, defendant filed a Peremptory Exception of Prescription which was sustained by the trial court and affirmed by this court at 525 So.2d 361 (La.App. 4th Cir.1986).
The Supreme Court granted a writ of review, 530 So.2d 553 (La.1988), "to consider plaintiffs' argument that prescription was interrupted because Dr. Menville learned in 1980 that Mrs. Whitnell was in danger of developing cancer of the bladder, but failed to disclose this information to her, either at the time of his treatment or at any time thereafter." The Court found that while the plaintiffs' petition alleged that Dr. Menville had negligently failed to discover a pre-cancerous condition, plaintiffs in brief argued that defendant correctly diagnosed the condition as cancer but failed to disclose this to plaintiff. Believing that these new allegations raised the possibility that the claim had not prescribed based on the application of contra non valentem, the Court remanded the case to the trial court allowing plaintiffs the opportunity to amend their petition to assert this claim. Whitnell v. Menville, 540 So.2d 304 (La.1989).
On March 28, 1989, plaintiffs filed their First Supplemental and Amended Petition adding the following allegations to their original petition:
(a) Dr. Menville learned vital facts, i.e., the pathology report and its contents, but failed to disclose it to Mrs. Whitnell.
(b) Dr. Menville diagnosed Mrs. Whitnell's condition, but failed to disclose that diagnosis to her.
(c) Dr. Menville failed to communicate his diagnosis to Mrs. Whitnell in 1980, 1981, 1982, 1984, and 1985; this failure was finally discovered by petitioner in 1982.
(d) A diagnosis based on a pathology report is not known or reasonably knowable by the lay plaintiffs. Lorraine S. Whitnell did not in fact know of the diagnosis and therefore, petitioners only discovered the diagnosis in 1986.
(e) Dr. Menville owed the utmost fiduciary duty to petitioner and his failure to inform her of the pathology report or that she was in danger of bladder cancer, or in fact had bladder cancer, prevented her from timely discovering her condition and seeking bladder preventive treatment.
(f) Dr. Menville's withholding of information from Lorraine S. Whitnell regarding her physical condition prevented her from knowing or discovering her bladder condition.
Dr. Menville subsequently re-filed his Exception of Prescription, which was sustained by the trial court on December 26, 1990. It is from this judgment that plaintiffs now appeal.

Analysis
In Whitnell v. Menville, supra, the Supreme Court previously held that plaintiffs' petition alleging negligent misdiagnosis on the part of Dr. Menville had prescribed on its face based on the provisions of La.R.S. 9:5628(A). That statute provides that all suits for medical malpractice shall be brought within three years from the date *431 of the alleged negligence; in this case, the negligence allegedly occurred in 1980 while the suit was not filed until 1986. However, the Court also stated as follows:
In this case, plaintiffs argue, apparently as an alternative to the negligent misdiagnosis theory of recovery asserted in the petition, that Dr. Menville correctly diagnosed Mrs. Whitnell in 1980, realized that she was in danger of bladder cancer, and failed to disclose this information to her. Plaintiffs further argue that by not disclosing to Mrs. Whitnell this material information regarding her health, he violated a fiduciary duty to her, and is liable for damages to the extent that his nondisclosure prevented her from timely discovering her bladder condition and seeking preventive treatment for the same.
* * * * * *
Plaintiffs should be allowed to amend their petition in order to assert this claim, because depending on the resolution of certain factual and legal issues it might not be prescribed. If Dr. Menville withheld information from the patient regarding her physical condition, his act of doing so, while in itself a tort, might also serve to trigger the third category of contra non valentem (prevention by the debtor).
540 So.2d at 310.
Contra non valentem is a judicially created doctrine which may prevent the running of prescription and has been applied in medical malpractice cases in situations where the debtor (physician) has done some act to prevent the creditor (patient) from availing himself of his cause of action. Harvey v. Davis, 432 So.2d 1203 (La. App. 4th Cir.1983). Under the doctrine of contra non valentem, prescription does not run in a medical malpractice action if defendant's alleged fraudulent concealment prevented plaintiffs from knowing or acting upon their cause of action. Id. The burden of proving an interruption of prescription on these grounds is on the plaintiffs. Whitnell v. Menville, supra, 540 So.2d at 310.
In brief, appellants argue that the trial court erred in sustaining defendant's exception of prescription in that it failed to reconsider the exception in light of the new allegations raised in their amended petition. The Supreme Court in Whitnell v. Menville, stated:
If plaintiffs fail to amend their petition, then their claim should be dismissed. La.Code Civ.Proc. art. 934. If plaintiffs amend their petition and allege new facts, then the district court should consider anew the exception of prescription. At any evidentiary hearing on the exception, the plaintiffs will have the burden of proving the grounds for any interruption of prescription which they allege in their amended pleading. (citation omitted)
Whitnell v. Menville, 540 So.2d 304, 310 (La.1989).
The sole issue presented for our review is whether plaintiffs met their burden in their amended petition of showing an interruption of prescription based on the application of the doctrine of contra non valentem.
In sustaining the exception of prescription, the trial court gave the following reasons for judgment:

Whitnell v. Menville, 540 So.2d 304, precludes plaintiff from recovering on a theory of negligence. Rajnowski v. St. Patrick's Hospital, 564 So.2d 671, precludes plaintiff from recovery because in a light most favorable to plaintiff, defendant did not intentionally conceal plaintiff's condition from her; he misinterpreted it or did not understand it, which is negligence.
In the Rajnowski case, the Supreme Court held that a physician's failure to disclose to plaintiff the presence of ketones in her urine during pregnancy did not constitute concealment of material information which would give rise to the application of the doctrine of contra non valentem.
In the present case, Dr. Menville performed a cystoscopy on Mrs. Whitnell in May of 1980 and diagnosed plaintiff's condition as cystitis cystica, or an infection of the bladder. A bladder biopsy was performed following the procedure and the pathology report indicated the diagnosis to *432 be "cystitis cystica; squamous metaplasia with focal to moderate to marked dysplasia."
Appellants argue that based on this report, Dr. Menville must have known that Mrs. Whitnell's bladder was in a pre-cancerous or cancerous condition. In support of their position, they introduced a letter from a California oncologist which states that the description of Mrs. Whitnell's condition in the pathology report indicates the presence of a pre-cancerous lesion or a carcinoma in situ. They argue that this is a prima facie showing that Dr. Menville knew that Mrs. Whitnell's condition was cancerous. Appellants assert that Dr. Menville's failure to disclose this condition prevented Mrs. Whitnell's early discovery of this disease, and that this fraudulent conduct served to interrupt the running of prescription.
However, a review of the record indicates that Dr. Menville testified in deposition that his interpretation of the diagnosis in the pathology report did not show a presence of cancer cells, but rather revealed an infection of the bladder referred to as cystitis cystica. He testified that the additional diagnosis of squamous metaplasia was consistent with this finding. Further, Dr. Gordon Flake, the pathologist who examined the specimen stated in affidavit that while a bladder injury may result in lesions such as cystitis cystica, metaplasia or cancers, he felt that Dr. Menville's interpretation of his diagnosis was "fair and reasonable." Dr. Menville informed Mrs. Whitnell of his diagnosis of cystitis cystica, and testified that at no time did he have reason to believe that her condition was cancerous.
Although the allegations contained in plaintiffs' amended petition state that Dr. Menville failed to disclose to plaintiff vital facts he had learned from the pathology report, there are no allegations which state that Dr. Menville interpreted the report as indicating a presence of a carcinoma in situ or a pre-cancerous lesion. Plaintiffs have pointed to no deliberate act of fraud or deception whereby Dr. Menville diagnosed a pre-cancerous condition yet failed to inform Mrs. Whitnell of this finding either during treatment or thereafter. Further, there are no allegations which state that Dr. Menville misrepresented, fraudulently concealed or intentionally failed to disclose any information which would have prevented Mrs. Whitnell from asserting her cause of action and would give rise to the application of contra non valentem.
The trial court apparently concluded that based on the allegations made in the amended petition, plaintiff had failed to meet her burden of proof to show an interruption of prescription based on the application of contra non valentem. We have carefully reviewed the entire record and cannot say that the trial court's conclusion is erroneous. Accordingly, plaintiffs' cause of action prescribed under La.R.S. 9:5628 because suit was filed more than three years after the date of the alleged act of negligence and there was no interruption of prescription.
For these reasons, the ruling of the trial court in sustaining the exception of prescription is affirmed at appellants' costs.
AFFIRMED.
BARRY, J., dissents with reasons.
BARRY, Judge, dissents with reasons.
In Whitnell I the Supreme Court allowed the plaintiff to amend her petition in order to trigger the third category of contra non valentem.
In compliance, plaintiff filed a supplemental petition adding the specific allegation that the defendant failed to disclose a pre-cancerous or cancerous condition which condition had been clearly stated in a pathology report submitted to the defendant.
Plaintiff introduced a statement from Dr. Stuart Hoffman, oncologist, that the pathology report specifies the presence of a pre-cancerous lesion or a carcinoma in situ. The majority brushes aside Dr. Hoffman's conclusion because "there are no allegations which state that Dr. Menville interpreted the report as indicating a presence of a carcinoma in situ or a pre-cancerous lesion." I disagree.
*433 The defendant admits negligence due to a misdiagnosis, but relies on that negligence to avoid liability for his failure to diagnose. That failure violated defendant's fiduciary duty to his patient.
The pathologist's report states that the cells were pre-cancerous or cancerous. There is no denial that the defendant read the report. Dr. Hoffman says that the pathologist's report provides "a microscopic description which is compatible with a diagnosis of carcinoma in situ of the bladder, or, at the very least, a pre-cancerous lesion...."
Plaintiff satisfied the Supreme Court's requirement on remand. The exception of prescription should be overruled.