# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 13, 2007

Charles R. Fulbruge III
Clerk

No. 07-30254
Summary Calendar

MICHAEL MOORE

                                        Plaintiff-Appellant

v.

KATHLEEN BLANCO, Individually and in her Official Capacity as Governor
of the State of Louisiana; PATRICIA MINALDI, Individually and in her
Current Official Capacity as Federal District Judge; and in her former
Capacity as State District Judge; and also in her former Capacity as
Assistant District Attorney for Calcasieu Parish; RICK BRYANT,
Individually and in his former Capacity as District Attorney for Calcasieu
Parish; BETH LUNDY, Individually and in her former Capacity as Sheriff for
Calcasieu Parish; WAYNE FREY, individually and in his current capacity as
Assistant District Attorney for Calcasieu Parish; TONY MANCUSO,
Individually and in his Current Capacity as Sheriff for Calcasieu Parish;
SERGEANT JOHNSON, Individually and in his Official Capacity as Deputy
for Calcasieu Parish; SERGEANT REAMER, Individually and in his Official
Capacity as Deputy for Calcasieu Parish; SERGEANT LEJEUNE,
Individually and in his Official Capacity as Deputy for Calcasieu Parish;
ELLEN MCADON, Individually and in her Official Capacity as Deputy for
Calcasieu Parish; MELANIE BROUSSARD, Individually and in her Official
Capacity as Deputy for Calcasieu Parish; MARIE ROUGEAU, Individually
and in her Official Capacity as Nurse for Calcasieu Parish Jail, also known as
Nurse Marie

                                        Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:06-CV-2169

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Michael Moore, proceeding pro se, appeals from the district court's dismissal of his 42 U.S.C. § 1983 complaint as barred by the statute of limitations. We affirm for the following reasons:

1. Moore's complaint raised claims related to his 2002 arrest and subsequent confinement from August 2002 to October 2002 and from December 2003 to May 2004. Moore did not file his complaint until November 14, 2006.

2. Moore argues on appeal only that he raised a claim for malicious prosecution that he asserts did not accrue until the charges against him were dismissed on November 16, 2005. A claim of malicious prosecution standing alone does not violate the United States Constitution. Castellano v. Fragozo, 352 F.3d 939, 942 (5th Cir. 2003) (en banc).

3. Moore thus fails to present a cognizable federal claim. We may affirm the district court on any alternative basis supported by the record. Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992).

AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.