IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-50723
Summary Calendar

MARIAN C. BLOSS

Plaintiff-Appellant

v.

RONALD L. MOORE

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-43

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Marian Bloss appeals the district court's order grant of summary judgment in favor of Ronald Moore on her 42 U.S.C. § 1983 claims. She also appeals the district court's dismissal of her state law claim for malicious prosecution. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bloss is an attorney and a resident of Llano County, Texas. Moore is the administrator of the Llano County Department of Natural Resources. Bloss sued Moore alleging that he violated her constitutional rights by initiating what she perceives as an inappropriate prosecution against her for not providing a proper receipt for the disposal of demolition debris. She asserts that Moore's motive was to "harass her and to injure her reputation." On appeal, Bloss argues (1) that Moore is not entitled to federal qualified immunity, (2) that Moore is not entitled to state official immunity, and (3) that she is entitled to declaratory relief. We address each issue in turn.

This court reviews a district court's grant of summary judgment de novo. Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007) (quoting Fed. R. Civ. P. 56(c)).

First, Bloss argues that the district court erred by finding Moore was entitled to qualified immunity and dismissing her § 1983 claims. Qualified immunity shields government officials acting within their discretionary authority from suits when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." McClendon v. City of Columbia, 305 F.3d 314, 322 (5th Cir. 2002) (en banc) (internal quotation marks and citation omitted). On appeal, Bloss alleges that Moore violated her constitutional rights by initiating a prosecution against her without probable cause. Her claim fails because this court no longer

recognizes a freestanding § 1983 claim for malicious prosecution. See Castellano v. Fragozo, 352 F.3d 939 (5th Cir. 2003). Bloss also alleges that Moore subjected her to an unlawful search and seizure. Her claim fails because she has not alleged any facts that could show a search or seizure on the part of Moore, let alone an unreasonable search or seizure. See County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998). ("The Fourth Amendment covers only 'searches and seizures,' neither of which took place here."). Because Bloss's allegations, if true, do not establish a violation of a clearly established constitutional right, Moore is entitled to qualified immunity. See Mace v. City of Palestine, 333 F.3d 621, 623-24 (5th Cir. 2003) ("If there is no constitutional violation, our inquiry ends.").[1]

Second, Bloss argues that the district court erred in dismissing her state law claim for malicious prosecution. She contends that Moore is not entitled to state official immunity from suit. Official immunity protects public officials from suits arising from the performance of their (1) discretionary duties (2) in good faith (3) within the scope of their authority. Ballantyne v. Champion Builders,

---

[1] Bloss alleges in her complaint, but not in her appellate briefs, that Moore violated her rights under the First and Fourteenth Amendments. Issues not briefed on appeal are waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Even so, these additional allegations also fail to establish a constitutional violation. Her Fourteenth Amendment procedural due process claim fails because she has not alleged the deprivation of a protected liberty or property interest. See Finch v. Fort Bend Indep. Sch. Dist., 333 F.3d 555, 561 n.3 (5th Cir. 2003) ("[M]ere injury to reputation, even if defamatory, does not constitute the deprivation of a liberty interest."). Similarly, her First Amendment retaliation claim and Fourteenth Amendment equal protection claim fail because they are based on "unsubstantiated assertions" that Moore retaliated against her for her political activities and legal work. See Turner v. Baylor Richardson Medical Center, 476 F.3d 337, 343 (5th Cir. 2007) ("[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'").

Inc., 144 S.W.3d 417, 422 (Tex. 2004).[2]  Moore is entitled to official immunity because he was carrying out his duty to administer complaints involving provisions of the TEXAS HEALTH AND SAFETY CODE when he made a discretionary decision based on a citizen's complaint to investigate Bloss for possible illegal dumping and nuisance violations.  See, e.g., Ballantyne, 144 S.W.3d at 424 ("[P]ublic officials act within the scope of their authority if they are discharging the duties generally assigned to them."); id. at 426 ("To show good faith in this context, we do not require the [defendants'] application of [the ordinance] to be legally correct, only colorable."); Fowler v. Szostek, 905 S.W.2d 336, 342 (Tex. App. 1995) ("Investigating and acting on gathered facts has been characterized as a discretionary function.").

Third, Bloss argues that the district court erred in denying her federal and state law claims for declaratory relief and attorney's fees.  She contends that "Texas law waives immunity as to declaratory relief and attorney's fees on constitutional issues."  The district court did not specifically address Bloss's requests for a declaratory judgment, but it did deny all relief not expressly granted.  To be entitled to a declaratory judgment under federal law, a plaintiff must show that there is an actual case or controversy under Article III of the Constitution.  See Bauer v. Texas, 341 F.3d 352, 357-58 (5th Cir. 2003).  Similarly, to be entitled to a declaratory judgment under Texas law, a party must show that "a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought."  Bonham

---

[2] See also Johnson v. Campbell, 142 S.W.3d 592, 594 (Tex. App. 2004) ("If a government employee acts within the scope of his employment in the performance of a discretionary duty and acts in good faith, he is entitled to official immunity even though his acts are negligent, or even illegal.") (emphasis added).

State Bank v. Beadle, 907 S.W.2d 465, 467 (Tex. 1995). Because there is no ongoing injury to Bloss and any threat of future injury is neither imminent or likely, there is not a live case or controversy for this court to resolve. See, e.g., City of Los Angeles v. Lyons, 461 U.S. 95, 103-04 (1983); Bauer, 341 F.3d at 358. Thus, her appeal from the district court's denial of declaratory relief has no merit.

Furthermore, Bloss is not entitled to attorney's fees under either federal or state law. She cannot recover attorney's fees under 42 U.S.C. § 1988(b) because she is not the prevailing party in her § 1983 action. Likewise, she cannot recover attorney's fees under the TEXAS DECLARATORY JUDGMENT ACT, TEX. CIV. PRAC. & REM. CODE ANN. § 37.009, because this court has held that under Erie principles the TEXAS DECLARATORY JUDGMENT ACT is procedural and thus not applicable in federal court. Camacho v. Texas Workforce Comm'n, 445 F.3d 407, 413 (5th Cir. 2006).

For the reasons stated, we affirm the district court's judgment dismissing this entire action.

AFFIRMED.