**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-31137
Summary Calendar

THOMAS LEE WHITE

Plaintiff-Appellant

v.

MARLIN GUSMAN, Criminal Sheriff, Orleans Parish;
PAT BOOK, Warden, Catahoula Correctional Center;
LEON A. CANNIZZARO, JR., In His Official Capacity as Successor to the
Former District Attorney, Eddie Jordan, Jr.

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-5779

Before JONES, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

Appellant Thomas Lee White ("White") was misidentified and wrongfully imprisoned for 12 months. He sued, in their official capacities, the criminal sheriff of Orleans Parish; the warden of the Catahoula Correctional Center; and the district attorney of New Orleans under 42 U.S.C. § 1983, claiming that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment violated his constitutional rights. The district court denied relief, holding the claim barred by Louisiana's prescriptive period. Finding the same, we **AFFIRM**.

## I. BACKGROUND

White was arrested on August 25, 2005, for public drunkenness. The arresting officers confused him with a parole violator who shared the same name, and he was booked for a probation violation. White was incarcerated at Orleans Parish Prison and transferred to the Catahoula Correctional Center following Hurricane Katrina. He told authorities at both prisons that he had been misidentified.

White was released from custody on August 18, 2006, by order of the Orleans Parish Court. On September 21, 2007, he filed this lawsuit, alleging a civil rights violation under 42 U.S.C. § 1983 for wrongful imprisonment.

The district court entered summary judgment against White, finding that the Louisiana's one-year prescriptive period had begun to run, at the latest, on the date that White was released from prison. The court subsequently denied White's motion for a new trial in which he argued that the defendants had concealed from White the fact of his improper detention, thereby tolling prescription.

## II. DISCUSSION

We review "a grant of summary judgment de novo, applying the same legal standard as the district court." *Miller v. Gorski Wladyslaw Estate*, 547 F.3d 273, 277 (5th Cir.2008).

The prescriptive period for a claim brought under § 1983 is provided by the law of the state in which the claim arose. *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir.1993). Under Louisiana law, this period is one year. LA. CIV. CODE ANN. art. 3492; *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir.1989). The date that a claim accrues, however, is governed by federal law. *Id.* Specifically, "[l]imitations

begin to run against an action for false imprisonment when the alleged false imprisonment ends." *Wallace v. Kato*, 549 U.S. 384, 389, 127 S. Ct. 1091, 1096 (2007) (internal quotation marks omitted).

Because White filed this lawsuit more than one year after his release from prison, his claim is time-barred unless there is a basis for tolling the prescriptive period. He offers two theories: first, that prescription was "interrupted" by his earlier habeas corpus lawsuit seeking release from prison; and second, that prescription was tolled by the defendants' concealment of the reason for White's incarceration.

As a preliminary and dispositive matter, both of these claims are foreclosed because White failed to raise them before the district court in his response to the motion for summary judgment. Generally, arguments not raised in the district court are waived. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 317 (5th Cir.2002). We will consider an issue raised for the first time on appeal only if it is purely a legal issue and doing so is necessary to avoid the miscarriage of justice. *In re Goff*, 812 F.3d 931, 933 (5th Cir.1987).

No miscarriage occurs here, because both theories fail on their merits. State tolling law is applicable in a § 1983 action so long as it is not inconsistent with federal law or policy. *Hardin v. Straub*, 490 U.S. 536, 542, 109 S. Ct. 1998, 2002 (1989). Louisiana law, like federal law, allows an "amended petition" to "relate[] back" to the date of filing of the initial pleading, effectively tolling the limitations period. LA. CODE CIV. PROC. ANN. art. 1153. Such a relation back is barred, however, "after an original petition has resulted in a final judgment." *Three Rivers Farm Supply, Inc. v. Webber*, 617 So.2d 1220, 1223 (La. Ct. App. 1993); *Hayes v. Muller*, 183 So.2d 310, 312–13 (La. 1966). White argues that his present complaint should relate back to his habeas petition, but his habeas

petition resulted in a final judgment on August 18, 2006, when White was ordered released from state custody.

Louisiana law also embraces the principle *contra non valentem agere non currit praescriptio*—that is, "prescription does not run against one unable to act." *Corsey v. Louisiana*, 375 So.2d 1319, 1321–22 (La. 1979). C*ontra non valentum* operates, among other circumstances, when a party is ignorant that a cause of action has accrued, but only when such ignorance is the result of some cause foreign to the party, such as another party's concealment of material facts. *Id.* at 1323. White argues that the defendants concealed from him the fact that he had been wrongfully imprisoned. Yet White was aware of, and actively protested, his wrongful imprisonment well before the date of his release, when the prescriptive period began to run. Because he can point to no material fact that was concealed from him, *contra non valentem* provides no relief from prescription.

Rather than filing suit at any time before he was released on August 18, 2006, White chose to sit on his claim until September 21, 2007, more than one month after it prescribed. He raises no issue on appeal that disturbs that result.

For these reasons, we **AFFIRM** the district court's grant of summary judgment.