# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
May 7, 2020

Lyle W. Cayce
Clerk

No. 18-30600

HURLE BRADLEY,

      Plaintiff–Appellant,

v.

SHERIFF'S DEPARTMENT ST. LANDRY PARISH; BOBBY GUIDROZ; JOSHUA GODCHAUX,

      Defendants–Appellees.

---

Appeal from the United States District Court
for the Western District of Louisiana

---

Before OWEN, Chief Judge, and CLEMENT and HO, Circuit Judges.

PRISCILLA R. OWEN, Chief Judge:

Hurle Bradley sued the St. Landry Parish Sheriff's Department and others alleging wrongful arrest, wrongful detention, and malicious prosecution, asserting claims under 42 U.S.C. § 1983 and Louisiana state law. The federal district court dismissed the suit, concluding that it lacked subject matter jurisdiction. We vacate that judgment in part, as to all claims asserted under federal law, and render judgment in favor of the appellees on each of the federal-law claims. The judgment of dismissal is affirmed as to pendant state-law claims.

No. 18-30600

I

On June 4, 2009, Bradley was arrested and charged with conspiracy to commit armed robbery, which is sometimes described as "principal to commit armed robbery" under Louisiana law. Bradley was detained in the St. Landry Parish Jail on June 4, 2009, brought before a magistrate and charged that same date, then released on June 8, 2009, when he posted $25,000 in bail. From February 2010 until May 2013, Bradley was incarcerated at the Avoyelles Parish Jail in connection to an unrelated crime. During that confinement, Bradley was again held in the St. Landry Parish Jail on October 2, 2012, for one night so that he could attend a court hearing pertaining to the armed robbery charge. He was returned to the custody of the Avoyelles Parish Sheriff on October 3, 2012. There is no other record of Bradley being detained in the St. Landry Parish Jail. He was tried before a jury on the armed robbery charge and found not guilty on October 25, 2013.

One year later, on October 24, 2014, Bradley sued the St. Landry Parish Sheriff's Department, Bobby Guidroz, and Joshua Godchaux. He sought damages under § 1983 and Louisiana state law alleging malicious prosecution, wrongful arrest, and wrongful detention. Deputy Godchaux died in 2016, while this suit was pending in the district court.

The remaining parties consented to trial before a magistrate judge in the United States District Court for the Western District of Louisiana. After extended pretrial proceedings, and upon receipt of the joint pretrial order, the magistrate judge ruled that "[t]here is no constitutional right to be free from malicious prosecution" and "[t]herefore, the plaintiff has no such federal claim." In the same order, the magistrate judge directed the parties to address the defendants' affirmative defense of prescription and ultimately held that Bradley's § 1983 wrongful arrest and wrongful detention claims were time-barred. The magistrate judge then concluded that "this Court lacks subject-

No. 18-30600

matter jurisdiction," and dismissed the case with prejudice.  Bradley appeals only the dismissal of his § 1983 claims.

## II

The magistrate judge erred in concluding that, if Bradley's § 1983 claims were barred by limitations, subject matter jurisdiction over those claims was lacking.  Section 1983 provides a federal cause of action but does not contain an express limitations period.  The Supreme Court has held that courts "should borrow the state statute of limitations for personal injury actions,"[1] and "where a State has one or more statutes of limitations for certain enumerated intentional torts, and a residual statute for all other personal injury actions . . . the residual or general personal injury statute of limitations applies."[2]   In the present case, Louisiana's one-year prescriptive period applies.[3]

We agree with the Seventh Circuit that statutes of limitations of this nature are procedural, not jurisdictional.[4]  This case is decidedly different from *Gandy Nursery, Inc. v. United States*, cited by the magistrate judge, in which this court held that "[i]t is well-established that, if a waiver of sovereign immunity contains a limitations period, a plaintiff's failure to file his action within that period deprives the court of jurisdiction."[5]  It was sovereign immunity, not limitations, that deprived the court of subject matter jurisdiction in *Gandy Nursery, Inc.*[6]  In the case before us, a determination that

---

[1] *Owens v. Okure*, 488 U.S. 235, 236 (1989) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)).

[2] *Id.*; *see also Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016).

[3] *See* LA. CIV. CODE ANN. art. 3492.

[4] *See Smith v. City of Chi. Heights*, 951 F.2d 834, 838-39 (7th Cir. 1992); *see also Williams v. Henderson*, 626 F. App'x 761, 763 n.3 (10th Cir. 2015) ("The limitations period in § 1983 cases is not jurisdictional . . . ."); *Krug v. Imbordino*, 896 F.2d 395, 396 (9th Cir. 1990).

[5] 318 F.3d 631, 637 (5th Cir. 2003).

[6] *See id.*

3

No. 18-30600

the federal claims based on wrongful arrest and wrongful detention are barred by limitations would not oust the court of subject matter jurisdiction.

The magistrate judge opined that "[i]n an ordinary civil case, the affirmative defense of prescription or the applicability of a statute of limitations may not be raised by the court *sua sponte*." However, the defendants asserted "prescription" as an affirmative defense in their initial answer. They broadly reasserted all affirmative defenses in other pretrial filings, and the affirmative defense of prescription, with citations to United States Supreme Court and Louisiana state-law precedent, was addressed in the joint pretrial order. The magistrate judge did not raise the defense on his own, so the rule he cited is not applicable. In any event, in *Baylor University Medical Center v. Heckler*, our court noted that "[w]hile this court generally will not consider an affirmative defense not raised below, we are not prevented from doing so where the district judge sua sponte chose to address the issue."[7]

The magistrate judge had authority under Rule 56(f)(3) of the Federal Rules of Civil Procedure to "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute" and "[a]fter giving notice and a reasonable time to respond."[8] Instead of relying on its authority under Rule 56, the magistrate judge reasoned that "when a limitations bar destroys federal-court jurisdiction, a court is authorized to examine its subject-matter jurisdiction and, if it finds such jurisdiction lacking, to dismiss the suit *sua sponte*." As explained, a finding that certain federal claims in the present case were prescribed did not "destroy[] federal-court jurisdiction" as to those claims.

---

[7] 758 F.2d 1052, 1057 n.8 (5th Cir.1985) (citations omitted).
[8] FED. R. CIV. P. 56(f)(3).

4

No. 18-30600

The magistrate judge gave the parties notice and an opportunity to respond before holding that Bradley's false arrest and false detention claims were time-barred. Therefore, we treat the court's dismissal as a grant of summary judgment.

"We review a grant of summary judgment de novo."[9] Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10]

## III

We first consider the § 1983 claims based on wrongful or false arrest and wrongful detention.

## A

When a cause of action under § 1983 accrues is a question of federal law: "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law."[11] Bradley's wrongful or false arrest claim does not extend past the time he was formally charged with a crime.[12] He was arraigned by a state-court magistrate on June 4, 2009, the same day he was arrested. The Supreme Court's decision in *Wallace v. Kato* makes clear that false imprisonment ends, and therefore that the statute of limitations commences to run, "when legal process was initiated,"[13] which in this case was the arraignment by the state magistrate. The Supreme Court drew a clear distinction between false arrest, which "consists of detention without legal

---

[9] *Haverda v. Hays Cty.*, 723 F.3d 586, 591 (5th Cir. 2013) (citing *Vaughn v. Woodforest Bank*, 665 F.3d 632, 635 (5th Cir. 2011)).

[10] *Id.* (quoting FED. R. CIV. P. 56(a)).

[11] *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (emphasis in original).

[12] *See, e.g., id.* at 389 ("Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges.").

[13] 549 U.S. at 390.

process,"[14] and "unlawful detention," which "forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process."[15]

The reasoning, and holding, in *Wallace* compels the conclusion that Bradley's wrongful arrest claim is barred by limitations, even if he contends that damages flowed from that false arrest until he was found not guilty. "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more."[16] After Bradley's arraignment, "any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself."[17] Bradley's allegedly false imprisonment ended "when legal process was initiated against him, and the statute would have begun to run from that date" rather than the date when he was acquitted.[18]

Prior to *Wallace*, our court held in *Price v. City of San Antonio* that "when false arrest claims are brought in conjunction with [§ 1983 prosecution] claims, the false arrest claims are 'essentially part' of the prosecution claims and therefore accrue at the same time."[19] We said that accrual did not occur and therefore that limitations did not commence to run until "proceedings have terminated in the plaintiff's favor."[20] After *Wallace*, our court in *Mapes v. Bishop* cast doubt on the continued vitality of a decision on which *Price* relied:

---

[14] *Id.* at 389.

[15] *Id.* at 390 (emphasis in original).

[16] *Id.* at 390 (quoting W. KEETON, D. DOBBS, R. KEETON, & D. OWEN, PROSSER AND KEETON ON LAW OF TORTS § 119, at 888 (5th ed. 1984)).

[17] *Id.* (quoting KEETON ET AL. § 119, at 888).

[18] *Id.*

[19] 431 F.3d 890, 894 (5th Cir. 2005) (per curiam) (quoting *Brandley v. Keeshan*, 64 F.3d 196, 199 (5th Cir.1995)).

[20] *Id.*

No. 18-30600

"[t]o the extent that *Wallace* conflicts with our decision in *Brandley v. Keeshan* . . . *Wallace* abrogates *Brandley*."[21]   Likewise, to the extent that *Price*, and the decisions of this court that it cites, conflict with *Wallace*, they are abrogated and are no longer authoritative.  We must adhere to the Supreme Court's decisions.

The Supreme Court also considered in *Wallace* the argument that *Heck v. Humphrey* should compel the conclusion that a claim for pre-arraignment detention could not accrue until there was a termination of criminal proceedings in the plaintiff's favor.[22]  The Supreme Court held in *Heck* that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.[23]

In *Wallace*, the Supreme Court rejected the argument that, because of *Heck*, accrual could not occur until there was a favorable termination of criminal charges, reasoning that "the impracticality of" a "rule" that "an action which

---

[21] 541 F.3d 582, 584 (5th Cir. 2008) (per curiam) (discussing the effect of *Wallace v. Kato*, 549 U.S. 384 (2007) on *Brandley v. Keeshan*, 64 F.3d 196 (5th Cir. 1995)).

[22] 549 U.S. 384, 392 (2007) (analyzing *Heck v. Humphrey*, 512 U.S. 477 (1994)).

[23] 512 U.S. at 486-87 (emphasis and footnote omitted).

7

No. 18-30600

would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside . . . should be obvious."[24]    Among other scenarios, the Court posited "what if . . . the anticipated future conviction never occurs," or "what if prosecution never occurs—what will the trigger be then?"[25]    The Court concluded that the proper course is for the plaintiff to file suit and that a stay could be employed if necessary:

> We are not disposed to embrace this bizarre extension of *Heck*.   If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.  *See* [*Heck*, 512 U.S. at 487–88], n. 8 (noting that "abstention may be an appropriate response to the parallel state-court proceedings"); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996).  If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.  *Edwards v. Balisok*, 520 U.S. 641, 649 (1997); *Heck*, [512 U.S. at 487].[26]

The district court properly concluded that Bradley's wrongful arrest claim was barred by limitations.  Bradley was arraigned on June 4, 2009.  Bradley filed his complaint on October 24, 2014, more than four years after the limitations period had run.

Bradley's briefing in our court does not draw any distinction between his claim for wrongful arrest and wrongful detention.  He does not argue that the limitations period applicable to a wrongful arrest claim differs from that applicable to a wrongful detention claim.  He does not differentiate between

---

[24] *Wallace*, 549 U.S. at 393 (emphasis in original).
[25] *Id.*
[26] *Id.* at 393-94.

No. 18-30600

detention prior to the commencement of legal process and post-process detention.

The Supreme Court's decision in *Manuel v. City of Joliet* expressly left open the question of the date on which limitations begins to run for "unlawful pretrial detention even beyond the start of legal process."[27]  Though Bradley cites *Manuel*, he does so only in connection with claims other than those arising from pretrial detention.  He argues only that *Manuel* "seems to extend pretrial detentions as any impingement on a person's freedom as providing a [§] 1983 claim.  Although Plaintiff was released from jail, he was still subjected to additional restrictions (bail, etc.)."

Bradley's brief does not cite any of this court's decisions regarding limitations for post-process pretrial detention claims.  His briefing as to the limitations period applicable to wrongful detention is inadequate; he makes no legal argument beyond bare assertions and cites to no applicable cases addressing the question.[28]  We decline to disturb the district court's ruling that both claims are time-barred.

**B**

Bradley argues that equitable tolling applies.  Though he appears to make this assertion only as to his "malicious prosecution" claim, we will consider whether equitable tolling applies to Bradley's wrongful arrest and wrongful detention claims.  The Supreme Court declined to adopt "a federal

---

[27] 137 S. Ct. 911, 920 (2017) (remanding the issue of "the date on which the applicable two-year statute of limitations began to run").

[28] *See Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 190 (5th Cir. 2007) ("Where analysis is so deficient, this court has considered the issue waived for inadequate briefing.").

tolling rule" in *Wallace*.[29]  We will assume, without deciding, however, that we are not foreclosed from referring to state law for tolling rules.[30]

Louisiana's general rule for tolling is referred to as *contra non valentem*, under which a prescription is tolled or suspended when a plaintiff is "effectually prevented from enforcing his rights for reasons external to his own will."[31]  *Contra non valentem* prevents the running of the prescriptive period in four situations:

> (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
>
> (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
>
> (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; or
>
> (4) where the cause of action is neither known nor reasonably knowable by the plaintiff even though the plaintiff's ignorance is not induced by the defendant.[32]

Bradley has not identified this doctrine, much less addressed how equitable tolling is warranted here.  We note that the Supreme Court in *Wallace* recognized that one who is falsely arrested has the right to sue on the

---

[29] 549 U.S. 384, 394 (2007).

[30] *See id.* at 394 ("We have generally referred to state law for tolling rules, just as we have for the length of statutes of limitations." (first citing *Hardin v. Straub*, 490 U.S. 536, 538-39; and then citing *Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 484-86 (1989))).

[31] *Wimberly v. Gatch*, 635 So. 2d 206, 211 (La. 1994).

[32] *Marin v. Exxon Mobil Corp.*, 48 So. 3d 234, 245 (La. 2010) (citing *Plaquemines Parish Comm'n Council v. Delta Dev. Co., Inc.*, 502 So. 2d 1034 (La. 1987); *see also Burge v. Parish of St. Tammany*, 996 F.2d 786, 788 (5th Cir. 1993) (citing *Minor v. Casten*, 521 So. 2d 465, 467 (La. Ct. App. 1988)).

first day of detention.[33]  This court has said that "[c]ontra non valentum does not suspend prescription when a litigant is perfectly able to bring its claim, but fails or refuses to do so."[34]   In *White v. Guzman*, the appellant "was misidentified and wrongfully imprisoned for 12 months," but he filed his § 1983 claim outside of Louisiana's prescriptive period.[35]  We held that "[c]ontra non valentum operates . . . when a party is ignorant that a cause of action has accrued, but only when such ignorance is the result of some cause foreign to the party, such as another party's concealment of material facts."[36]  In *White*, the appellant "was aware of, and actively protested, his wrongful imprisonment" before the date of his release when the prescriptive period began to run and therefore *contra non valentum* did not apply.[37]  Because the appellant could not "point to [a] material fact that was concealed from him, *contra non valentem* provide[d] no relief from prescription."[38]

The prescriptive period applicable to Bradley's § 1983 wrongful arrest and wrongful detention claims was not tolled.

## IV

In pretrial proceedings, the magistrate judge ruled that Bradley had no constitutional right to be free from malicious prosecution.  Bradley does not challenge the propriety of the procedural process that led to that ruling.  He asserts only that the ruling was erroneous and that, assuming he did assert a cognizable § 1983 malicious prosecution claim, it was not barred by limitations.

---

[33] 549 U.S. at 390 n.3.

[34] *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 885 (5th Cir. 2002).

[35] 347 F. App'x 66, 67 (5th Cir. 2009) (per curiam).

[36] *Id.* at 68 (citing *Corsey v. Louisiana*, 375 So. 2d 1319, 1323 (La. 1979)).

[37] *Id.*

[38] *Id.*

No. 18-30600

Suits brought under § 1983 require the deprivation of a right guaranteed under the United States Constitution.[39]  The magistrate held that "[t]here is no constitutional right to be free from malicious prosecution," and therefore Bradley "ha[d] no such federal claim."  While this court's precedent establishes "that no . . . freestanding constitutional right to be free from malicious prosecution exists,"[40] it recognizes the viability of § 1983 prosecution claims rooted in the violation of a specific constitutional right.[41]  In *Castellano v. Fragozo*, we held that "[Appellant's] contention that the manufacturing of evidence and knowing use of perjured testimony attributable to the state is a violation of due process is correct," and could be brought under § 1983.[42]

However, Bradley has inadequately briefed the issue.  Bradley devotes a single paragraph to his prosecution claims. He states only that "the constitutional claim centers around a lack of due process under the 5th and 14th Amendments" and that he was deprived of his constitutional rights when Deputy Joshua Godchaux allegedly "conspir[ed] to unlawfully seize and detain him, coerc[ed] [a co-defendant] to involve Bradley in a crime, provid[ed] false inculpatory evidence, and inflict[ed] emotional distress upon him."  Bradley concludes the paragraph by saying he "has the right to be free from malicious

---

[39] *Albright v. Oliver*, 510 U.S. 266, 271 (1994) ("Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'  The first step in any such claim is to identify the specific constitutional right allegedly infringed." (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979); and then citing *Graham v. Connor*, 490 U.S. 386, 394 (1989))).

[40] *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003) (en banc); *see also Quinn v. Roach*, 326 F. App'x. 280, 289 (5th Cir. 2009); *Bloss v. Moore*, 269 F. App'x 446, 448 (5th Cir. 2008) (per curiam); *Moore v. Blanco*, 255 F. App'x 824, 825-26 (5th Cir. 2007) (per curiam).

[41] *Castellano*, 352 F.3d at 953-54 ("Such claims of lost constitutional rights are for violation of rights locatable in constitutional text, and some such claims may be made under 42 U.S.C. § 1983.  Regardless, they are not claims for malicious prosecution and labeling them as such only invites confusion.").

[42] *Id.* at 958.

prosecution." These are all conclusory assertions devoid of any specifics. Bradley fails to cite to the record. Nor does he cite any case law.[43]

Under *Wallace*, Bradley's wrongful detention claim is part of a malicious prosecution claim.[44] However, Bradley does not discuss the wrongful detention claim as part of his malicious prosecution claim. Though he cites *Manuel*, which held that the "Fourth Amendment . . . establishes 'the standards and procedures' governing pretrial detention . . . even after the start of 'legal process,'"[45] he asserts only that his "constitutional claim centers around a lack of due process under the 5th and 14th Amendments." This does not constitute an argument that a wrongful detention claim, which is based on the Fourth Amendment, was included within the malicious prosecution claim and therefore that the district court erred in dismissing the wrongful detention claim. He fails to mention the Fourth Amendment at all.

Bradley has inadequately briefed his "malicious prosecution" claim. Thus, we need not address Bradley's tolling arguments on this claim. The district court's dismissal of Bradley's "malicious prosecution" claim is affirmed.

## V

Bradley does not make any arguments with respect to the dismissal of his state-law claims. In any event, "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."[46] Since Bradley's § 1983 claims failed, dismissal of the pendant state-law claims was within the district court's discretion.

---

[43] *See L & A Contracting Co. v. S. Concrete Servs., Inc.*, 17 F.3d 106, 113 (5th Cir. 1994) (Issue deemed abandoned for being inadequately briefed when the party "cite[d] no authority in its one-page argument.").

[44] 549 U.S. 384, 390 (2007).

[45] 137 S. Ct. 911, 914 (2017) (citation omitted).

[46] 28 U.S.C. § 1367(c).

No. 18-30600

\*        \*        \*

We VACATE the judgment to the extent that it dismissed Bradley's § 1983 claims for lack of subject matter jurisdiction, RENDER JUDGMENT in favor of defendants as to Bradley's § 1983 claims, and AFFIRM the judgment to the extent that it dismissed Bradley's state-law claims.

14