# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-50263

————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 11, 2025

Lyle W. Cayce
Clerk

John Ferrara,

*Plaintiff—Appellant*,

*versus*

Travis County Attorney's Office; Brent Ryan, Chief Investigator, Travis County Attorney's Office; Afton Washbourne, Assistant County Attorney, Travis County Attorney's Office; Zachary Bidner, Assistant County Attorney, Travis County Attorney's Office; Delia Garza, County Attorney, Travis County Government.

*Defendants—Appellees*.

————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:23-CV-01406-XR

————————————————————————

Before Wiener, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50263

Proceeding *pro se*, John Ferrara sued the Travis County Attorney's Office (TCAO) and several officials therein under 42 U.S.C. § 1983, alleging that their investigation and prosecution of him for harassment violated the First and Fourth Amendments. Finding some of Ferrara's claims to be time-barred and that he had not plausibly addressed the others, the magistrate judge recommended dismissal. Further finding that Ferrara was a vexatious litigant, the magistrate judge recommended a pre-filing injunction against Ferrara. The district court accepted these recommendations, dismissed Ferrara's claims, and enjoined him from filing further complaints without court approval. The district court also denied Ferrara leave to file a third amended complaint.

Ferrara now appeals. First, he contends that none of his First and Fourth Amendment claims are time-barred and that the district court erred in concluding that he had not plausibly alleged a violation of his rights. Second, he asserts that the district court abused its discretion in denying him leave to amend his complaint and in imposing a pre-filing injunction. Finally, he contends that he sufficiently alleged municipal liability against Travis County and that the investigators and prosecutors do not enjoy immunity in this case.

**I.**

The record is complex, owing in part to Ferrara's extensive litigation in other forums. Relevant here, Ferrara was arrested for felony stalking in May 2020. Prior to his arrest, Ferrara sent numerous distressing emails to Kyle Police Chief Jeffrey Barnett over a period of several months. Ferrara alleges that his arrest was part of a pattern of retaliatory harassment he has received from the Kyle Police Department due to his criticism of local government and law enforcement on his personal blog. Ferrara has initiated

2

No. 25-50263

at least five other actions in federal and state court concerning his interactions with public officials in Kyle, all of which have been dismissed.[1]

Shortly after his arrest, Ferrara secured his release with a $20,000 surety bond through a bail bondsman. The Hays County District Attorney's Office recused itself, and TCAO was appointed as prosecutor *pro tem* in October 2020. In March 2021, Afton Washbourne and Zachary Bidner, two TCAO attorneys, met with Ferrara for an "investigative inquiry." Ultimately, TCAO prosecuted Ferrara for misdemeanor harassment, not felony stalking. *Ex Parte Ferrara*, No. 3-21-278-CR, 2022 WL 1547773, at *1 (Tex. App. May 17, 2022).

Ferrara's allegations regarding the prosecution are extensive (and often confused), but only a handful of facts are relevant on appeal. First, Ferrara was initially subject to bond conditions from his original release, including remaining within the court's jurisdiction and regular check-ins with his bondsman. Ferrara filed a habeas application in April 2021 to dissolve his bond and get the charges dismissed. *Id.* At a hearing on this application before the state trial court in June 2021, his bond was converted to a $4,000 personal bond, on the condition that Ferrara refrained from contacting Chief Barnett, a condition to which Ferrara assented. *Id.*

---

[1] *See Ferrara v. Swonke*, 5:24-cv-77-FB-RBF (W.D. Tex. Jan. 22, 2024) (dismissing Ferrara's Fourth Amendment claims against two Kyle police officers for failure to state a claim and imposing a pre-filing injunction); *Ferrara v. Wallace*, No. 22-51099, 2023 WL 3151129 (5th Cir. Apr. 28, 2023) (dismissed for failure to state a non-frivolous claim); *Ferrara v. Barnett*, 5:21-cv-237-JKP, 2023 WL 2258330 (W.D. Tex. Feb. 27, 2023) (dismissed for failure to state a non-frivolous claim); *Ferrara v. Wallace, et al.*, 5:21-cv-251-FB (W.D. Tex. May 27, 2021) (dismissed as frivolous and malicious); *see also Ferrara v. Kim Vickers-Pub. Off. of Tex. Comm'n on L. Enf't*, 658 S.W.3d 902, 908 (Tex. App. 2022) (dismissed for lack of standing).

No. 25-50263

In July 2021, Ferrara was served with a summons to appear and answer for the harassment charge, and the trial court granted Ferrara a waiver of in-person appearance. *Id.* In January 2022, the harassment charge was dismissed pursuant to a deferred prosecution agreement (DPA). In the DPA, Ferrara agreed to refrain from direct contact with Barnett via email or messaging, to stay more than 200 yards from Barnett's residence, and to avoid other offenses. In exchange, TCAO deferred prosecution for harassment for two years so long as Ferrara abided by the DPA.

In May 2022, Ferrara filed an "emergency motion to release unlawful restraint" with the trial court, asserting that the terms of his May 2020 bond remained in force and that these continued conditions were unlawful. *Id.* at *2. The trial court, referencing its June 2021 order, determined that the bond agreement had been converted to a personal bond, but even if it had not, the limitations period for bringing new charges had ended, dissolving any bond agreement. *Id.* (citing Tex. Code Crim. Pro. § 12.02).

Ferrara filed § 1983 claims against TCAO and its officers in November 2023. TCAO initially moved to dismiss in January 2024. Ferrara has amended his complaint twice, both times followed by renewed motions to dismiss. In February 2025, the magistrate judge recommended dismissal, and Ferrara again moved for leave to amend his complaint. In March 2025, the district court granted the motion to dismiss, denied leave to file a third amended complaint, and entered a pre-filing injunction against Ferrara. Ferrara timely appealed.

## II.

Ferrara appeals the dismissal of his § 1983 claims against TCAO and its officials. He contends that the district court erred in dismissing (A) his Fourth Amendment claims as time-barred, and (B) his First Amendment claims under Rule 12(b)(6). "We review a district court's decision on a

4

[Rule] 12(b)(6) motion *de novo*, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Ferguson v. Bank of N.Y. Mellon Corp.*, 802 F.3d 777, 780 (5th Cir. 2015) (alteration original). Likewise, we "review the district court's conclusion that [Ferrara's] claim is time-barred *de novo*." *Mapes v. Bishop*, 541 F.3d 582, 583 (5th Cir. 2008).

## A.

Ferrara contends that his summons to appear in July 2021, coupled with the restrictive conditions of his May 2020 bond, constituted a seizure. This seizure, he asserts, was based on a deficient charging process in violation of the Fourth Amendment. The district court answered three questions on these claims that are now disputed by the parties: whether the claims are time-barred under § 1983, whether the summons and bond conditions constituted a seizure, and whether Ferrara plausibly alleged a violation of his Fourth Amendment rights.

The parties first dispute whether Ferrara's § 1983 claim is timely. The applicable limitations period is two years. TEX. CIV. PRAC. & REM. CODE § 16.003. Ferrara contends that this period ran from the end of the prosecution against him in January 2022, making his November 2023 complaint timely. *See Manuel v. City of Joliet*, 580 U.S. 357, 370–72 (2017); *see also Wilson v. Midland Cnty.*, 116 F.4th 384, 391 (5th Cir. 2024) (claims akin to malicious prosecution accrue upon "favorable termination" of the prosecution). TCAO responds that this period began when Ferrara learned of his "seizure" in July 2021, such that his complaint was untimely. *See Bradley v. Sheriff's Dep't, St. Landry Par.*, 958 F.3d 387, 391 (5th Cir. 2020) (claims resembling false imprisonment accrue "when legal process was initiated"). The district court concluded that the limitations period ran from the start of prosecution and that some of Ferrara's claims were time-barred.

No. 25-50263

*See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994) (holding that a § 1983 claim arising from an unconstitutional seizure accrued when the plaintiff possessed the "critical facts" necessary to begin the action). Nevertheless, given "the convoluted nature of [Ferrara's] pleading and his *pro se* status," the district court also addressed the merits of his claims. Deciding this accrual point is unnecessary, as we agree that Ferrara's claims fail on the merits.

First, it is unclear whether a summons to appear, paired with bond conditions, even constitutes a seizure. *See Nesmith v. Taylor*, 715 F.2d 194, 196 (5th Cir. 1983).[2] It is true that a summons, accompanied by significant restrictions on liberty, may be a seizure. *See Evans v. Ball*, 168 F.3d 856, 861 (5th Cir. 1999). But Ferrara's contentions on this point are profoundly confused: He points to a summons for personal appearance that was waived and maintains that his bond conditions continued beyond his habeas hearing in July 2021, an assertion squarely contradicted by the orders of the state trial court. *Ex Parte Ferrara*, 2022 WL 1547773, at *2. Regardless, even assuming the summons and bond conditions at issue constituted a seizure, Ferrara's Fourth Amendment claims still fail.

Ferrara alleges that his "seizure by process" violated the Fourth Amendment in either of two ways. First, he alleges that he was seized due to a deficient charging instrument that lacked probable cause under *Malley v. Briggs*, 475 U.S. 335 (1986). Second, citing *Franks v. Delaware*, 438 U.S. 154

---

[2] As the district court noted, this ambiguity indicates that the TCAO prosecutors and investigators enjoy qualified immunity: Public officials are protected from § 1983 liability unless their conduct violates a clearly established constitutional right. *Mace v. City of Palestine*, 333 F.3d 621, 623 (5th Cir. 2003). If it is unclear whether the prosecutors' actions constituted a seizure at all, their conduct could not violate Ferrara's clearly-established Fourth Amendment rights.

(1978), Ferrara alleges that the prosecutors relied on false, misleading, or conclusory affidavits to charge him in violation of the Fourth Amendment.

Neither flavor of Ferrara's claim has merit. Under *Malley*, an officer is liable only if "the affidavit presented to the magistrate was 'so lacking in indicia of probable cause as to render official belief in its existence unreasonable.'" *Melton v. Phillips*, 875 F.3d 256, 264 (5th Cir. 2017) (quoting *Malley*, 475 U.S. at 344). Here, the state court had ample evidence to conclude that probable cause existed to charge Ferrara for harassment. *See* Tex. Penal Code § 42.07(a)(7). Ferrara presents no contrary evidence beyond an unsupported assertion that TCAO officials conspired to seize him based on "fatally conclusory" statements. Because the information in the initial charging instrument did not lack indicia of probable cause, Ferrara's argument on this issue stalls out of the gate.

Ferrara's *Franks* argument falters for similar reasons. Prosecutors are liable when the affiant supporting a warrant knowingly or recklessly includes false statements which are necessary to finding probable cause. *Winfrey v. Rogers*, 901 F.3d 483, 494 (5th Cir. 2018) (citing *Franks*, 438 U.S. at 155–56). The only "false" statement identified by Ferrara is the pseudonym used by Barnett in initiating his complaint to police. But the pseudonym's use was neither "necessary" to finding probable cause nor was it a "false statement." *See United States v. Mays*, 466 F.3d 335, 343–44 (5th Cir. 2006) (pseudonymous information, if reliable, may serve as the basis for a warrant under *Franks*). Ferrara offers no evidence that Barnett's pseudonym rendered the underlying information unreliable, and *Franks* does not salvage his Fourth Amendment claim.

**B.**

Ferrara's First Amendment retaliation claim fares no better. A viable First Amendment retaliation claim requires Ferrara to show that (1) he

engaged in protected activity, (2) TCAO took adverse action against him, and (3) a causal connection between the two existed. *Nieves v. Bartlett*, 587 U.S. 391, 398–99 (2019). Further, TCAO's "non-retaliatory grounds [must have been] in fact insufficient to provoke the adverse consequences." *Id.* at 398.

Ferrara's evidence on this point is sparse. First, he contends that his initial stalking arrest and subsequent prosecution were not caused by his harassment of Barnett, but by his public criticism of local government and complaints he filed concerning Barnett's conduct. According to Ferrara, TCAO pursued charges and hid exculpatory information as revenge for these criticisms. He presents no evidence of this conspiracy apart from the fact that his DPA restrains him from using public platforms to message Barnett directly. From this, Ferrara infers that "the real motive was to chill Ferrara's expressive activity."

Ferrara offers no support for his conclusory allegations, and he utterly fails to show that the non-retaliatory grounds present in this case (such as his repeated, harassing emails to Barnett) were insufficient to provoke charges against him. *Nieves*, 587 U.S. at 398. The district court properly concluded that Ferrara failed to allege a violation of his First Amendment rights.

## III.

Ferrara next contends that the investigators and prosecutors with TCAO do not enjoy prosecutorial immunity (referred to as "absolute immunity" in his brief). Ferrara also advances a claim for municipal liability against Travis County under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Because Ferrara has not plausibly alleged any violation of his constitutional rights, the question of prosecutorial immunity is irrelevant. *See Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1995) (Addressing immunity is unnecessary "if it becomes evident that the plaintiff has failed to state or

. . . establish a claim[.]"). So too for his assertion of municipal liability. *See Pipkins v. Stewart*, 105 F.4th 358, 360 (5th Cir. 2024) ("It is well settled that without a predicate constitutional violation, there can be no *Monell* liability.") (citation omitted).

## IV.

Ferrara presses two last challenges to the district court's handling of his case. He contends that the district court abused its discretion (A) in denying him leave to file a third amended complaint, and (B) in imposing a pre-filing injunction without proper notice or factfinding.

## A.

Denial of leave to amend a complaint is reviewed for abuse of discretion. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013). Courts "should freely give leave when justice requires," Fed. R. Civ. P. 15(a)(2), as "Rule 15(a) evinces a bias in favor of granting leave to amend," *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). In denying leave to amend, district courts may consider a number of factors, including undue delay, bad faith of the movant, repeated failure to cure deficiencies by amendment, undue prejudice to the opposing party, and the futility of amendment. *N. Cypress Med. Ctr. Operating Co. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018). Undue delay "must prejudice the nonmoving party or impose unwarranted burdens on the court." *Id.* at 478. "[A]n amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Id.* Bad faith may be demonstrated when a motion to amend "is obviously interposed by plaintiffs in an attempt to avoid" unfavorable disposition of the case by the court. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

Ferrara maintains that his motion to amend was submitted in good faith to correct the omission of "key factual allegations" by the district court. But he goes on to explain that the same information was included in prior

amended complaints and only proposes that a third amendment would expand on legal arguments already deployed in prior complaints.

In its order denying leave to file a third amended complaint, the court noted that Ferrara had already been granted multiple opportunities to amend. The district court also recognized that the motion appeared to be another attempt to avoid an unfavorable ruling on a motion to dismiss. *See Wimm*, 3 F.3d at 139. The district court concluded that further amendment would be futile, as Ferrara had failed (after multiple attempts) to plead a viable claim. Given Ferrara's course of litigation, the district court did not err in reaching these conclusions. Moreover, the record demonstrates that Ferrara will not allege any new substantial evidence or plead a new, viable cause of action. Thus, the district court did not abuse its discretion in denying Ferrara a third chance to rework his claims. *See ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 362 (5th Cir. 2002) (Having failed to substantiate their claims in multiple prior filings, "it was not an abuse of discretion to deny plaintiffs a third chance to offer more details.").

## B.

We review a district court's decision to enter a pre-filing injunction for abuse of discretion. *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008). Litigants must confine themselves to complaints which "are warranted by the existing law or by a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Litigants who violate this Rule may be sanctioned to "deter repetition of the conduct." Fed. R. Civ. P. 11(c)(4). "A district court clearly has the power to impose a pre-filing injunction in the appropriate factual circumstances," weighing (1) the party's history of litigation, (2) whether a good faith basis existed for the original action, (3) the burden imposed by the party's filings, and (4) the adequacy of alternative

sanctions. *Baum*, 513 F.3d at 187, 189. "Notice and hearing are required if the district court *sua sponte* imposes a pre-filing injunction," and these injunctions "must be tailored to protect the courts[,] while preserving the legitimate rights of litigants." *Id.* at 189; *see also* Fed. R. Civ. P. 11(c)(3) (requiring notice of a potential sanction).

Here, Ferrara was enjoined from filing future lawsuits in the Western District of Texas without written permission. Ferrara concedes that he had received warnings of future sanctions in other federal cases arising from the same or similar factual matter. But he asserts that these warnings could only deter him from continuing other failed lawsuits and should not factor into his "history of litigation" in the present action. *Baum*, 513 F.3d at 189.

Not so. An enjoining court may consider the litigant's course of litigation before that court as well as before other courts. *See Nix v. Major League Baseball*, 62 F.4th 920, 937 (5th Cir. 2023). Several judges in the Western District of Texas had warned Ferrara that further baseless filings could result in sanctions. Further, given the apparent bad faith with which some of his motions were advanced, as well as the burden on the court and TCAO of litigating Ferrara's baseless claims, the district court reasonably weighed the *Baum* factors in favor of a pre-filing injunction. That court did not abuse its discretion in doing so.

*        *        *

Ferrara fails to allege any plausible constitutional violation. And the district court did not abuse its discretion in denying his motion to amend or by imposing a pre-filing injunction. The order and judgment of the district court are AFFIRMED.